M. C. AUSTIN v. E. M. STATEN *et al.*

(Decided June 5, 1900.)

*Common Grantor—Statute of Frauds, Section 1546 of The Code Construed with Registration Act of 1885, Chapter 147—Effect of Prior Registration of Second Deed Upon the Prior Unregistered Deed.*

1. The Statute of Frauds and the Registration Act were both intended to prevent fraud and must be construed togther with that view.

2. Registration is required for the purpose of notice—an unregistered deed does not *now* constitute color of title.

3. Where both parties claim by deed from a common grantor, the deed of the plaintiff being the younger, but registered first—he makes out a *prima facie* case, and the burden of proof is shifted upon the defendant to attack the *bona fides* of plaintiff's deed, and to defeat it, if he can, by establishing fraud.

CIVIL ACTION for possession of land, tried before *McNeill, J.,* at August Term, 1899, of UNION Superior Court. It was admitted that the title was out of the State. The plaintiff claimed under a deed to himself from H. W. Staten, Jesse F. Staten and J. Bithel Staten, dated March 31, 1896, registered the same day. Action commenced May 23, 1896.

The defendant claimed under a deed to himself from the same parties, December 31, 1887, registered May 31, 1897. Both deeds covered the land—the defendant was in possession, and had been from the date of his deed. His allegation was, that the plaintiff was not a purchaser of the land.

In the course of his charge, his Honor instructed the jury: that the burden is upon the plaintiff to show the *bona fides* of their transaction, that is, to show that he paid for the land, and in passing upon the question as to whether or not Austin

paid, or was to pay for the land without any condition, you will consider all the circumstances surrounding the transaction.

Plaintiff excepted. Verdict for defendant, and judgment. Plaintiff appealed.

*Messrs. R. B. Redwine,* and *Adams & Jerome,* for appellant.

*Messrs. Armfield & Williams,* and *A. M. Stack,* for appellee.

FURCHES, J. This is an action for the possession of land commenced on the 23d day of May, 1896. The defendants rely on the general denial of the plaintiff's right to possession, in which the plaintiff's title and the defendants' possession under color of title are involved. The following issues were submitted without objection:

"1. Is the plaintiff the owner and entitled to the possession of the land described in the complaint? Answer. 'No.'

"2. What is the annual rental value of the said land?

"3. What damage is the plaintiff entitled to recover?"

The plaintiff and defendants both claim title under the same parties, to-wit, W. H. Staten, J. F. Staten and J. B. Staten. The plaintiff claims under a deed dated March 31, 1896, and registered on the same day. The defendants claimed under a deed dated December 31, 1887, and registered May 31, 1897. It was admitted that the defendant E. M. Staten had been in the continuous possession of the land ever since the date of his deed in 1887.

It was also in evidence that he was a neighbor of the defendant, E. M. Staten, knew of the deed to said defendant and of defendant's possession. The plaintiff's wife is a sister of the grantors, and a half-sister of the defendant.

The evidence tended to show (and was not contradicted) that the defendant E. M. Staten was threatening to caveat and contest his father's will, and the other defendants conveyed him the land in controversy in consideration that he would not do so; that two of the grantors were minors under 21 years of age, when the deed to the defendant was executed, but had both reached the age of 21, more than three years before the date of the conveyance to the plaintiff, and before the commencement of this action.

It was in evidence that the grantors were men of small means, and in debt; that on the day they made the deed to the plaintiff, they went to the town of Monroe and consulted an attorney as to whether they could recover the land in controversy from the defendant, and, under his advice, they made the deed to the plaintiff, and he executed his note to them as the consideration therefor in the sum of $297.50, due one day after date, and dated March 31, 1896; that no part of said note has been paid, but it was offered in evidence on the trial by the plaintiff, as evidence of consideration for the deed; and the grantors testified that the sale to the plaintiff was *bona fide.*

This is substantially the case at the close of the evidence, and the plaintiff asked the Court for the following special instructions:

"1. That the evidence is insufficient to show fraud in the procurement and execution of the deed under which the plaintiff claims title to the land mentioned in the complaint. Refused, and plaintiff excepted.

"2. That there is no evidence to show fraud in the procurement and execution of the deed under which the plaintiff claims title to the land. Refused. Plaintiff excepted.

"3. If the jury believe the evidence they will find that the

50——126

plaintiff is a purchaser of the land for value.   Refused, and plaintiff excepted.

"4. That if the jury believe the evidence introduced by the defendant himself, then the plaintiff paid a valuable consideration for the land.   Refused, and plaintiff excepted."

And the Court charged the jury in part as follows:

"The burden is upon the plaintiff to show that he is a purchaser for a valuable consideration; the defendant having shown a deed to the land older than the plaintiff's; he must show this by a preponderance of the testimony, that is, he must show you by a greater weight of the testimony that he paid for the land.   (The plaintiff excepted to this part of the charge.)

"If you should find from the evidence that the note given for the purchase money of the land was executed under an agreement, or with an understanding with the grantors in said deed, upon the part of the plaintiff, that the note was not to be paid unless the plaintiff recovered the land in this suit, in such case the plaintiff would not be a purchaser for value, and should you find that there was such an agreement or understanding, you will answer the first issue, 'No.' (The plaintiff excepted.)

"In this case the defendant contends that the transaction by the plaintiff and his grantors, was one without a valuable consideration, and as to this the Court has instructed you that the burden of proof is upon the plaintiff to show that he paid for the land, or gave a note without any understanding or agreement that it was not to be paid, in case plaintiff should not recover in this suit.   (The plaintiff excepted.)

"The burden is upon the plaintiff to show the *bona fides* of the transaction; that is, to show that he paid for the land, and in passing upon the question as to whether or not Austin paid or was to pay for the land without any condition, you

will consider all the circumstances surrounding the transaction.    (The plaintiff excepted.)

"The defendants contend that the facts that there has nothing been paid on the note, that no effort has been made to collect the note save that a request to the attorney to collest the note, that the grantors are poor men, while the grantee is worth considerable property, that the plaintiff Austin has not gone on the stand to testify concerning his transaction with his grantors, taken together with the circumstances at the making of the deed, which you will recall, and taken with the testimony of H. W. Staten that he was to receive one-third of the land in case of recovery by the plaintiff—though the witness afterwards changed that evidence—that these matters throw suspicion on the transaction and prove lack of consideration and fraud." (Plaintiff excepted.)

Under the instructions of the Court the jury found "No" to the first issue, and upon the judgment being signed the plaintiff appealed.

The plaintiff contends there were errors committed by the Court in refusing to give the special instructions, and also in the instructions given to the jury, as pointed out in his exceptions.    He further contends that whether this is so or not, still, he is entitled to recover under chap. 147, of the Acts of 1885, as his deed was registered before the deed of the defendant.    While the defendant contends that his deed, though not registered, was color of title; that he had been in possession, holding under said deed, for more than seven years, and more than three years after all the grantors came of age; that his possession was open and notorious, known to the plaintiff when he took his deed, and that the plaintiff had actual knowledge of the fact that the defendant E. M. Staten had a deed for the land from his grantors, when he took his deed.

Besides the questions presented upon the exceptions to the prayers for instruction and the Judge's charge, this case presents a new and important question growing out of the Registration Act of 1885. That act provides: "That no deed or contract for the sale of land shall be valid to pass any property against creditors or purchasers for a valuable consideration from the donor, bargainor or lessor, but from the registration thereof." While sec. 1546, of The Code (27 Elizabeth), provides that where a party who has sold land, "with the actual intent in fact to defraud such person as hath purchased or shall purchase in fee simple  *   *   *   the same land  *   *   *   or to defraud such as shall purchase,  *   * shall be deemed utterly void against such person and others claiming under him, who shall purchase for the full value thereof  *   *   *   the same land  *   *   *   without notice before and at the time of his purchase alleged to have been made with intent to defraud."

These statutes, construed separately, would seem to be in conflict with each other. But they were both passed to prevent fraud and must be construed together with a view to the end for which they were passed. And when so considered, it does not seem to us that they are in conflict with each other. The knowledge required by sec. 1546, of The Code, it would seem, must now be manifested under chap. 147, of the Acts of 1885, by registration. But this only applies to knowledge of the former conveyance, and carries with it no taint or knowledge of *actual intent to defraud,* which vitiates the deed when it exists, and is so found. The Act of 1885, it seems to us, does no more than to put the second purchaser upon the same footing where a second purchaser stood before the Act of 1885, who purchased without notice of the former deed. And the second purchaser must now, as before the Act of 1885, still be a *bona fide* purchaser, and

for full value. We do not mean to say that he should have paid every dollar the land was worth, but he should have paid a reasonably fair price—such as would indicate fair dealing, and not be suggestive of fraud.

Considering these acts together, it seems to us that this is their necessary construction, and the only construction that will prevent a statute, passed to prevent fraud, from becoming a means of fraud. To give these acts any other construction—to give them the construction contended for by the plaintiff—would be to open the door to the very worst kind of fraud. If the construction contended for by the plaintiff be put upon it, A might sell his land to-day to B and receive every dollar of the purchase money, and to-morrow, by an arrangement with C, sell the same land to him, and if C is able to get his deed registered first (which he would likely do if he was engaged in a trick of this kind), B would be without remedy.

But if the plaintiff's deed is void for any of these reasons, the title to the land would be in the grantors but for their deed to the defendant E. M. Staten, which is good as between them.

The real matter involved in this case, it seems to us, is this: Was the purchase of the plaintiff an absolute *bona fide* purchase for a full price and without any actual intent to defraud the defendant? The plaintiff though, having obtained his deed long after the defendant obtained his, got it registered first. And this, under the Act of 1885, gives him the vantage ground, and the burden is upon the defendant to show the ground which he alleges vitiates the plaintiff's deed. As a general rule, one who alleges fraud or vitiating circumstances must prove them; and we do not think the relationship of the parties to this action changes this rule. *Reiger v. Davis,* 67 N. C., 185; *Redmond v. Chandley,* 119 N. C., 579; *Bank v. Gilmer,* 116 N. C., 684.

We can not adopt the argument of the defendant that an unregistered deed is color of title, now. To hold this, would be in effect to destroy chap. 147, of the Acts of 1885, which we can not do.

We see no error in the Court's refusing to give the plaintiff's prayers for instruction, but there was error in the charge as pointed out by the plaintiff's first, third and fourth exceptions thereto, in which he placed the burden of proof upon the plaintiff. For this reason and for the reason that it does not seem to us that the case was tried upon the real issues presented (as we have endeavored to point out), there must be a new trial.

New trial.