Special proceeding for the sale of land for partition in which defendant filed answer denying the alleged title of plaintiffs and pleading sole seizin and adverse possession under color for more than twenty years. The answer having raised issues of fact, the cause was transferred to the civil issue docket of Camden County Superior Court for trial. *Page 3 
John L. Hinton, a resident of Pasquotank County, died testate in January, 1910, and on 29 January, 1910, his will was probated in common form in Pasquotank County. A copy of the will was certified to and recorded in the office of the Clerk of the Superior Court of Camden County.
The will devised the lands of testator to his wife and his children other than J. C. Hinton who predeceased the testator. No provision was made in the will for the widow and children of the deceased son.
At the time of his death the testator owned a tract of land in Camden County known as the Abbott Ridge Farm containing 324 acres. On 12 August, 1910, R. L. Hinton, son of the testator, purchased the interest of the other devisees and took deed therefor, which was duly registered in the Camden County registry.
On 30 September, 1918, the widow and children of J. C. Hinton, deceased, filed a caveat to the will of John L. Hinton. No notice of lis pendens was filed in Camden County or indexed or cross-indexed in the lis pendens
docket in the office of the Clerk of the Superior Court in Pasquotank County.
On 24 July, 1919, R. L. Hinton, while the hearing on the caveat was pending, conveyed the Abbott Ridge Farm in Camden County to one T. G. McPherson.
On 10 January, 1920, judgment was entered in the caveat proceedings sustaining the caveat on the grounds of mental incapacity and undue influence and declaring the will null and void. On appeal to this Court the judgment was affirmed. In re Hinton, 180 N.C. 206, 104 S.E. 341. The judgment declaring the will null and void was not certified to Camden County and no marginal entry was made on the certified copy of the will as recorded in Camden.
On 4 December, 1923, McPherson conveyed to defendant Henry D. Abbott that part of the Camden County farm which is described in the complaint and is the subject matter of this action.
When the cause came on for hearing in the court below, the jury, by their answers to the issues submitted, found that T. G. McPherson and H. D. Abbott were each purchasers for value and without notice of the claim of plaintiffs. There was judgment on the verdict decreeing that plaintiffs have no right, title, or interest in the land in controversy and plaintiffs appealed.
R. L. Hinton was a devisee, executor, and propounder of the will of John L. Hinton. He purchased the interest of the other *Page 4 
devisees in the Camden County property. He and the other devisees were dealing inter partes in the property of the estate. He conveyed the land after the caveat was filed. Any claim that he was an innocent third party and that his deed, executed pendente lite, conveyed a good title is without substance. To hold otherwise would open the door for parties to litigation to convey the subject matter of the litigation pending a hearing and thus render the court powerless to enforce its own decrees. Newbern v. Hinton,190 N.C. 108, 129 S.E. 181.
As to T. G. McPherson, grantee of R. L. Hinton, a different question arises. Had he purchased before the filing of the caveat unquestionably under our decisions his title would have been unassailable. G.S., 31-19;Newbern v. Leigh, 184 N.C. 166, 113 S.E. 674; Whitehurst v. Hinton,209 N.C. 392, 184 S.E. 66; Anno. 26 A.L.R., 270. But such is not the case. He acquired title to the property in Camden after the filing of the caveat from one of the devisees who was directly affected by the proceedings then pending in Pasquotank, the county in which the original will was probated. Is he charged with constructive notice of the claim of plaintiffs?
At common law a pending suit was regarded as notice to all the world. The complaint or cross-complaint, as the case might be, was the lis pendens
and any person dealing with the property pendente lite was bound by the judgment rendered. Insurance Co. v. Knox, 220 N.C. 725,18 S.E.2d 436; 34 Am. Jur., 363.
The ever-increasing volume of litigation rendered this common law rule so harsh and burdensome upon abstracters that the Legislature intervened and adopted the modifying Acts now incorporated in Article 11, chapter 1, General Statutes of North Carolina. Now the pending action does not constitute notice as to land in another county until and unless notice thereof is filed in the county in which the land is located. G.S., 1-116,et seq.; Collingwood v. Brown, 106 N.C. 362; Spencer v. Credle,102 N.C. 68.
When a will is probated in common form, any interested party may appear and enter a caveat. G.S., 31-32. But a caveat is an in rem proceedings. In effect it is nothing more than a demand that the will be produced and probated in open court, affording the caveators and opportunity to attack it for the causes and upon the grounds set forth and alleged in the caveat. It is an attack upon the validity of the instrument purporting to be a will and not an "action affecting the title to real property." The will and not the land devised is the res involved in the litigation. Prospective purchasers were held to notice that probate jurisdiction was in Pasquotank County and if they acquired title without ascertaining the status of the proceedings in that county they did so at their peril. Hence the lispendens statute has no application. So contend the appellants. *Page 5 
Thus we are called upon to decide the force and effect of the lispendens statute as it relates to a caveat proceedings.
The registration statute, G.S., 43-18, modifies the common law rule oflis pendens. Its purpose is to stabilize titles by requiring recordation of all deeds, mortgages, or other paper writings which transfer or encumber the title to land. Our lis pendens statute, above cited, is designed to supplement the registration law and to provide a simple and readily available means of ascertaining the existence of adverse claims to land not otherwise disclosed by the registry. Notice under the Act is required to give constructive notice to prospective purchasers when the claim is in derogation of the record. Insurance Co. v. Knox, supra.
The effect of lis pendens and the effect of registration are in their nature the same thing. They are only different examples of the operation of the rule of constructive notice. One is simply a record in one place and the other is a record in another place. Each serves its purpose in proper instances. They are each record notices upon the absence of which a prospective innocent purchaser may rely.
Bearing this broad general purpose in mind, it would seem to be apparent that the Legislature intended the term "action," as used in G.S., 1-116, to embrace all judicial proceedings affecting the title to real property or in which title to land is at issue.
Naturally proceedings in court are divided into various classifications. Each class has its own particular label. But the word "action," when unqualified is an inclusive term and connotes all judicial proceedings of a civil nature maintained and prosecuted for the purpose of asserting a right or redressing a wrong. When qualified, as in the statute, by the term "affecting the title to real property," it includes and embraces all such proceedings wherein the title to real property is at issue.
Such is a caveat. Though not an adverse proceedings in the ordinary sense, interested parties are notified and given an opportunity to be heard. Legal rights are at stake and the issues raised are tried as in other civil actions.
While in one sense the will is the res involved in the caveat proceedings, it is quite clear that any final decree entered therein will directly affect the title to the land devised. The probated will constitutes a muniment of title unassailable except in a direct proceedings. G.S., 31-19. It operates as a conveyance of title to the land devised. Any action or proceedings contesting its validity directly assails the validity of such conveyance and necessarily involves the title. Hence the filing of notice under the lis pendens statute is essential to give constructive notice to those who are not directly interested in the proceedings. McIlwrath v. Hollander, 39 Am. Rep., 484. *Page 6 
But lis pendens notice under the statute is not exclusive. Nor is it designed to protect intermeddlers. When a person acquires an interest in property pending an action in which the title thereto is at issue, from one of the parties to the action, with notice of the action, actual or constructive, he is bound by the judgment in the action just as the party from whom he bought would have been. This rule seems to be universal and is considered by all the courts to be absolutely necessary to give effect to the judgments of the courts because, if it was not so held, a party could always defeat the judgment by conveying in anticipation of it is some stranger and the claimant would be compelled to commence a new action against him. Rollins v. Henry, 78 N.C. 342; Jarrett v. Holland,213 N.C. 428, 196 S.E. 314.
"Our statute on the subject . . . only purports to deal with constructive notice, and its effect on subsequent purchasers, but where one buys from a litigant with full notice or knowledge of the suit, and of its nature and purpose, and the specific property to be affected, he is concluded or his purchase will be held ineffective and fraudulent as to decree rendered in the cause and the rights thereby established. Griswoldv. Muller, 15 Barbour, 520; Corwin v. Bensley, 43 Cal., 253-262; Wick v.Dawson, 48 West Va., 469-475; 25 Cyc., 1452; Bennett on Lis Pendens, 319."Morris v. Basnight, 179 N.C. 298, 102 S.E. 389.
Plaintiffs offered evidence tending to show that when the court proceedings was being heard at the January Term, 1919, McPherson was present in court and that he talked about the case in the presence of his son and his brother, all prior to the time he purchased. Upon this evidence, which is uncontradicted, plaintiffs duly requested the court to give a peremptory charge on the second issue, which is as follows:
"Did T. G. McPherson purchase the lands in controversy for value and without notice of plaintiffs' claim?"
The court declined to give the requested instruction. Instead it charged the jury that the burden rested upon the plaintiffs to show that McPherson "did not purchase it for value and that at the time he, T. G. McPherson, had notice of plaintiffs' claim to the land in question" and that if they failed to so find they should answer the second issue "Yes." In this there was error prejudicial to the plaintiffs.
As heretofore stated, a party directly interested in a judicial proceeding affecting the title to real property cannot convey a good title to the res pendente lite. Even so, the grantee acquires a good title provided he purchases (1) for value, and (2) without notice, actual or constructive. Both conditions must appear. Hence the absence of either is fatal.
The uncontroverted evidence tends to show and it seems to be admitted that Hinton conveyed to McPherson pendente lite. This being true, his deed was ineffective and fraudulent as against the final decree *Page 7 
in the pending action. Upon such showing plaintiffs were entitled to judgment, certainly as against McPherson, unless it should be made to appear that he purchased for value and without notice. This is an affirmative defense and he who claims to be a bona fide purchaser for value without notice so as to avoid the defective character of his deed has the burden of proving that fact. Hughes v. Fields, 168 N.C. 520,84 S.E. 804; King v. McRackan, 168 N.C. 621, 84 S.E. 1027 (affirmed on rehearing, King v. McRackan, 171 N.C. 752, 88 S.E. 226); 27 R. C. L., 737.
The conditions under which defendant acquired title are on this record immaterial. At that time there was no presumptively valid will of record operating as a muniment of title. It had been annulled by decree of court. It protects a purchaser only until vacated. G.S., 31-19. It follows that his title rests squarely upon the title possessed by his grantor.
If McPherson was an innocent purchaser for value, his deed to defendant conveyed title in fee to the land therein described. Conversely, if McPherson purchased with notice, then immediately upon the entry of the final decree in the caveat proceedings invalidating the will, the plaintiffs, as heirs at law of J. C. Hinton, by operation of law, became seized and possessed of an undivided interest in the Camden County land. From that instant they were tenants in common with McPherson. His deed to defendant thereafter executed conveyed only such interest as he possessed and the vested interest of plaintiffs can be defeated only by twenty years' adverse possession pleaded by defendant.
But defendant insists that even though, at the time he purchased, the will was void, the certified copy thereof filed in Camden County was still of record without any notation or entry that would operate as notice to him of the judgment entered in Pasquotank County and that he had the right to rely on this record as a valid link in his chain of title. We cannot so hold.
Whatever may be the effect of ch. 108, Public Laws 1921, the rights of the parties to this action accrued prior to its enactment and are to be controlled by the law as it existed before the effective date of that statute.
At that time it was the original will as probated in the county in which the testator resided at the time of his death that constituted the muniment of title as to all land devised. C. S., 4145. Ownership under the will in nowise is made dependent upon the certified copy directed to be recorded in the county where the land lies. C. S., 4163. The only purpose of the certified copy disclosed by the pertinent statute was to give information to abstracters and to direct their attention to the source of title — the will as originally probated. Hence when the original will was annulled by judicial decree the certified copy ceased to have any force and effect for any purpose. *Page 8 
Nor is defendant protected by the provisions of sec. 2 of the 1921 statute. At the time of its enactment the final decree had been entered. There was no valid will of record. If McPherson purchased with notice title had vested in plaintiffs. The Legislature was without authority to divest them of their title and revest it in McPherson. It is not to be presumed that the General Assembly so intended. In any event the Act cannot be so construed. Sections 17, 19, Art. I, N.C. Const.
It follows that there must be a new trial in accord with this opinion. It is so ordered.
New trial.