NORTH CAROLINA NATIONAL BANK v. HENRY THOMAS EVANS, BETTY TRIP EVANS, AND J. RUSSELL WOOTEN

No. 6

(Filed 4 January 1979)

1. Fraudulent Conveyances § 1— "voluntary" conveyance defined

A conveyance is deemed to be voluntary when the purchaser does not pay a reasonably fair price such as would indicate unfair dealing and be suggestive of fraud.

2. Fraudulent Conveyances § 3.4— consideration given for conveyances—fair and reasonable price for property—question of fact

Where plaintiff alleged that defendants Evans fraudulently conveyed their interests in certain tracts of land to defendant Wooten in violation of G.S. 39-15, defendant Wooten did not meet his burden of establishing that there was no triable issue of fact on the question of adequate consideration and that the conveyances to him were not fraudulent as a matter of law, since his evidence that he agreed to assume all outstanding balances due on any and all notes secured by any and all deeds of trust on the properties and agreed to assume the outstanding balance of at least $7000 on a certain unsecured note, without evidence of the fair market value of the tracts and without evidence of the balance due on the secured notes, tended to establish that legal consideration was given for the conveyances, but failed to establish that the legal consideration also constituted a fair and reasonable price for the property.

3. Lis Pendens § 2— action to set aside fraudulent conveyance—lis pendens proper

A claim for relief by a creditor seeking to set aside a fraudulent conveyance pursuant to G.S. 39-15 *et seq.* constitutes an action affecting title to real property within the meaning of the *lis pendens* statute, G.S. 1-116, *et seq.*

Justices BRITT and BROCK took no part in the consideration or decision of this case.

ON appeal by plaintiff to review the decision of the Court of Appeals affirming judgment of *Whedbee, J.,* entered 1 December 1976 in District Court, PITT County.

Plaintiff brought this action to recover $3,252.54 owed by defendants Evans and additionally alleged that defendants Evans had fraudulently conveyed their interests in three certain tracts of land to defendant Wooten in violation of G.S. 39-15. Plaintiff prayed that the conveyances be set aside. Contemporaneously with the filing of its amended complaint, plaintiff filed a notice of *lis pendens,* G.S. 1-116, which notice was served upon all defendants pursuant to G.S. 1-116.1.

Defendant Wooten filed a motion for partial summary judgment on the fraudulent conveyance claim and a motion to strike plaintiff's notice of *lis pendens.* Upon consideration of affidavits submitted by defendant Wooten and plaintiff, the trial court granted Wooten's motion for partial summary judgment and ordered plaintiff's notice of *lis pendens* stricken from the records.

On plaintiff's appeal the Court of Appeals affirmed, 35 N.C. App. 322, 241 S.E. 2d 379 (1978), with *Webb, J.,* dissenting. Plaintiff appeals to this Court pursuant to the provisions of G.S. 7A-30(2).

Other evidence pertinent to the decision will be noted in the opinion.

*Everett & Cheatham by James T. Cheatham and Edward J. Harper II, attorneys for plaintiff appellant.*

*Williamson, Shoffner, Herrin & Stokes, by Robert J. Shoffner, Jr., attorneys for defendant appellee.*

HUSKINS, Justice.

This appeal presents two questions: Did the trial court err in granting partial summary judgment for defendant Wooten? Did the trial court err in striking the notice of *lis pendens?*

The guiding principles applicable to summary judgment under Rule 56, Rules of Civil Procedure, have been discussed numerous times by this Court. *See, e.g., Caldwell v. Deese,* 288 N.C. 375, 218 S.E. 2d 379 (1975); *Kessing v. Mortgage Corp.,* 278 N.C. 523, 180 S.E. 2d 823 (1971). An apt statement of these princi-

ples for the purposes of this appeal is found in *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E. 2d 795 (1974):

"In ruling on a motion for summary judgment, the Court does not resolve issues of fact but goes beyond the pleadings to determine whether there is a genuine issue of material fact. The moving party has the burden of establishing the absence of any triable issue, and the Court in considering the motion carefully scrutinizes the papers of the moving party and, on the whole, regards those of the opposing party with indulgence. This burden may be carried by movant by proving that an essential element of the opposing party's claim is nonexistent or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim. If the moving party meets this burden, the party who opposes the motion for summary judgment must either assume the burden of showing that a genuine issue of material fact for trial does exist or provide an excuse for not so doing. If a genuine issue of material fact does exist, the motion for summary judgment must be denied; the motion may be granted only where there is no such issue and the moving party is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56(e), Rule 56(f) [other citations omitted]."

The legal principles with respect to fraudulent conveyances are set out in *Aman v. Walker*, 165 N.C. 224, 81 S.E. 162 (1914), as follows:

"(1) If the conveyance is voluntary, and the grantor retains property fully sufficient and available to pay his debts then existing, and there is no actual intent to defraud, the conveyance is valid.

(2) If the conveyance is voluntary, and the grantor did not retain property fully sufficient and available to pay his debts then existing, it is invalid as to creditors; but it cannot be impeached by subsequent creditors without proof of the existence of a debt at the time of its execution, which is unpaid, and when this is established and the conveyance avoided, subsequent creditors are let in and the property is subjected to the payment of creditors generally.

(3) If the conveyance is voluntary and made with the actual intent upon the part of the grantor to defraud creditors,

Bank v. Evans

it is void, although this fraudulent intent is not participated in by the grantee, and although property sufficient and available to pay existing debts is retained.

(4) If the conveyance is upon a valuable consideration and made with the actual intent to defraud creditors upon the part of the grantor alone, not participated in by the grantee and of which intent he had no notice, it is valid.

(5) If the conveyance is upon a valuable consideration, but made with the actual intent to defraud creditors on the part of the grantor, participated in by the grantee or of which he has notice, it is void."

Here, plaintiff contends the disputed conveyances were voluntary, *i.e.*, without adequate consideration, and that defendants Evans did not retain property fully sufficient and available to pay their existing debts. Alternatively, plaintiff contends the conveyances were voluntary and made by defendants Evans with the actual intent to defraud plaintiff, even though sufficient property was retained by defendants Evans to pay their existing debts.

Essential to both principles relied on by plaintiff is the element of voluntariness, *i.e.*, inadequate consideration. In support of his motion for partial summary judgment defendant Wooten submitted affidavits tending to show that the disputed conveyances were supported by an adequate consideration. The trial court found that Wooten's affidavits established that the element of inadequate consideration asserted in plaintiff's pleadings was nonexistent. Perceiving no genuine dispute of fact on the consideration issue, the trial court concluded that there was adequate consideration for the conveyances as a matter of law and granted Wooten's motion for partial summary judgment.

Plaintiff did not respond to defendant's affidavits with any evidence tending to show that the claim of inadequate consideration presented a genuine issue for trial. Even so, defendant still has the burden of showing that there is no triable issue of fact and that he is entitled to judgment as a matter of law. "Hence plaintiff may yet succeed in defending against the motion for summary judgment if the evidence produced by the movant and considered by the court is insufficient to satisfy the burden." *Page v.*

*Sloan,* 281 N.C. 697, 190 S.E. 2d 189 (1972). Thus, the precise question before us is whether defendant Wooten met his burden of establishing: (1) that the claim of inadequate consideration presented no triable issues of fact, and (2) that he was entitled to a judgment as a matter of law.

**[1]** In order to decide the precise question posed we must first determine what constitutes a valuable consideration in the law of fraudulent conveyances. Under the case law interpreting our statutes on fraudulent conveyances—G.S. 39-15 *et seq.*—"a determination that a conveyance was not made for valuable consideration means that the conveyance was 'voluntary.'" Comment, 50 N.C.L. Rev. 873, 878 (1972). A conveyance is deemed to be voluntary "when the purchaser does not pay a *reasonably fair price* such as would indicate unfair dealing and be suggestive of fraud." *Gas Co. v. Leggett,* 273 N.C. 547, 161 S.E. 2d 23 (1968) (emphasis added).

A valuable consideration in the law of fraudulent conveyances is not the same as a valuable consideration in the law of contracts. *See Knight v. Bridge Co.,* 172 N.C. 393, 90 S.E. 412 (1916). This crucial distinction was explained by Chief Justice Ruffin in *Fullenwider v. Roberts,* 20 N.C. 420 (1839). Mere inadequacy of price is not sufficient to set aside a contract as between two parties for the reason that "if one will, without imposition, distress or undue advantage, make a bad bargain with his eyes open, *he* must stand to it. His agreement is sufficient, because his interests alone are affected by it." *Id.* However, different policy considerations come into play when the transaction involves the interests of a creditor who is not a party to the transaction. As against such creditors "the price must be sufficient in itself to sustain the deed, without the aid of their acceptance, for no such acceptance exists." *Id.* Since the creditor has no control over the amount of consideration which his debtor will accept in relinquishing assets, the law requires that the debtor receive "a *fair* and *reasonable* price, according to the common mode of dealing between buyers and sellers." *Id.* This does not mean that the debtor "should [be] paid every dollar the land was worth, but he should [be] paid a reasonably fair price—such as would indicate fair dealing, and not be suggestive of fraud." *Austin v. Staten,* 126 N.C. 783, 36 S.E. 338 (1900). Such a requirement prevents a debtor from placing his

assets beyond the reach of his creditors by transfers to friendly parties for nominal considerations.

[2] Thus for defendant Wooten to meet his burden of establishing that there is no triable issue of fact on the question of adequate consideration and that the conveyances to him were not fraudulent as a matter of law, he must demonstrate that he paid a "fair and reasonable price" to defendants Evans for the several tracts of land they conveyed to him. Due consideration of the affidavits offered by Wooten in support of his motion for partial summary judgment leads us to conclude that Wooten failed to meet this burden and that the granting of partial summary judgment by the trial court was erroneous.

The affidavits submitted by defendant Wooten tend to prove in pertinent part the following facts. In March of 1976 defendants Henry Thomas Evans and wife, Betty Lou Tripp Evans, conveyed to defendant Wooten all their interests in certain properties described in the deeds. As consideration for said conveyances Wooten agreed to assume all outstanding balances due on any and all notes secured by any and all deeds of trust on said properties in favor of First Federal Savings & Loan Association of Pitt County and to hold defendants Evans harmless on account of the notes. Further, defendant Wooten agreed to assume the outstanding balance on a certain unsecured note at Planters National Bank in Ayden, North Carolina, which defendants Evans had signed as makers and Wooten as an endorser. The outstanding balance on this note was at least $7000. The unpaid balance on this note has been paid in full by defendant Wooten.

We cannot determine from the evidence presented by defendant Wooten in support of his motion for summary judgment whether or not he paid a *reasonably fair price* for the property conveyed to him by defendants Evans. Wooten's evidence does not indicate the fair market value of the several tracts. Nor does it disclose the balance due on the secured notes payable to First Federal Savings & Loan. Wooten's evidence merely indicates that he paid $7000 plus other unspecified consideration for real property of unspecified value. At most, such evidence tends to establish that a legal consideration was given in return for the conveyances in question; but such evidence fails to establish that the legal consideration also constituted a *fair and reasonable* price for the

property. In this posture we hold that a genuine issue of material fact remains on the question of whether Wooten paid Evans a fair and reasonable price. Since the allegations in plaintiff's amended complaint present triable issues of fact, we conclude that summary judgment for defendant Wooten on the fraudulent conveyance claims was improvidently granted.

Since we hold that the affidavits submitted by Wooten did not entitle him to summary judgment, we need not determine whether portions of these affidavits were inadmissible.

Plaintiff filed a notice of *lis pendens* contemporaneously with the commencement of its action, and we must now determine whether the notice of *lis pendens* was properly stricken.

"The common law rule of *lis pendens* has been replaced in this State by the provision of G.S. 1-116 to G.S. 1-120.1. *Arrington v. Arrington,* 114 N.C. 151, 19 S.E. 351. Thus, there can be no valid notice of *lis pendens* in this State except in one of the three types of actions enumerated in G.S. 1-116(a), which reads as follows:

'(a) Any person desiring the benefit of constructive notice of pending litigation must file a separate, independent notice thereof, which notice shall be cross-indexed in accordance with G.S. 1-117, in the following cases:        .

'(1) Actions affecting title to real property;

'(2) Actions to foreclose any mortgage or deed of trust or to enforce any lien on real property; and

'(3) Actions in which any order of attachment is issued and real property is attached.'

Since it appears clearly from the plaintiff['s] statement of the nature of [its] action that it does not fall into Class 2 or Class 3, the alleged notice of *lis pendens* is not valid unless this is an action 'affecting title to real property.' " *Cutter v. Realty Co.,* 265 N.C. 664, 144 S.E. 2d 882 (1965).

Does a claim for relief by a creditor seeking to set aside a fraudulent conveyance pursuant to G.S. 39-15 constitute an action "affecting title to real property" within the meaning of the *lis pendens* statute—G.S. 1-116, *et seq.*? The answer is yes.

Bank v. Evans

In *Whitehurst v. Abbott*, 225 N.C. 1, 33 S.E. 2d 129 (1945), we construed the term "actions affecting title to real property" as embracing "all judicial proceedngs affecting the title to real property or in which title to land is at issue." *Id.* Such is a proceeding by a creditor to set aside a conveyance as fraudulent. The object of such a proceeding is to set aside a conveyance or transfer in "which the owner of real or personal property has sought to place the land or goods beyond the reach of his creditors, or which operates to the prejudice of [the] legal or equitable rights [of creditors]." 37 Am. Jur. 2d, Fraudulent Conveyances, § 1. It follows that any action seeking to set aside a conveyance of real property as fraudulent "directly assails the validity of such conveyance and necessarily involves the title. Hence the filing of notice under the *lis pendens* statute is essential to give constructive notice to those who are not directly interested in the proceedings." *Whitehurst v. Abbott, supra.*

[3] We thus hold that a claim for relief by a creditor seeking to set aside a fraudulent conveyance pursuant to G.S. 39-15 *et seq.* constitutes an action "affecting title to real property" within the meaning of G.S. 1-116(a)(1). *Semble, Morgan v. Bostic,* 132 N.C. 743, 44 S.E. 639 (1903); *McRary v. Fries,* 57 N.C. 233 (1858). *Cf. Whitehurst v. Abbott, supra* (caveat proceeding constitutes action "affecting title to real property"). *Accord, Blitman Const. Corp. v. Denbel Realty & Const. Co.,* 13 Misc. 2d 888, 178 N.Y.S. 2d 249 (Sup. Ct. 1958). *See generally,* Annot., 74 A.L.R. 690 (1931).

For the reasons stated the decision of the Court of Appeals upholding the judgment of the district court is reversed. The case is remanded for further proceedings in accord with this opinion.

Reversed and remanded.

Justices BRITT and BROCK did not participate in the consideration or decision of this case.