SMITH-DOUGLASS, DIVISION OF BORDEN CHEMICAL, BORDEN, INC. v. EL-
    LIS GERALD KORNEGAY, CONNIE M. KORNEGAY, KELVIN LYNDELL
    KORNEGAY, CECIL E. KORNEGAY, AND JEAN H. KORNEGAY

FIRST-CITIZENS BANK & TRUST COMPANY v. ELLIS GERALD KORNEGAY,
    CONNIE M. KORNEGAY, KELVIN LYNDELL KORNEGAY, CECIL E.
    KORNEGAY, AND JEAN H. KORNEGAY

No. 834SC1039

(Filed 4 September 1984)

Fraudulent Conveyances § 3.4— adequate consideration for conveyances—genuine
    issue of material fact
        In an action by creditors to set aside conveyances as fraudulent, the
    evidence presented genuine issues of material fact as to whether the con-
    veyances were supported by adequate consideration where there was evidence
    that two tracts were conveyed to the male debtor's parents in satisfaction of a
    debt to the parents of $73,000 and that the parents assumed obligations on the
    tracts of $97,000, and where another tract was transferred to the male
    debtor's brother for $2,000 and the evidence as to whether the fair market
    value of the tract was more than that amount was conflicting.

APPEAL by defendants from *Llewellyn, Judge.* Judgment entered 19 August 1983 in Superior Court, DUPLIN County. Heard in the Court of Appeals 8 June 1984.

*George R. Kornegay, Jr., P.A., by Janice S. Head and George R. Kornegay, Jr., for defendant appellants.*

*Ward and Smith, P.A., by Michael P. Flanagan, for plaintiff appellee, First-Citizens Bank & Trust Company.*

BECTON, Judge.

This appeal presents one narrow question, whether the trial court properly granted summary judgment to creditors seeking to have a transfer of real estate declared void. We find a material issue of fact as to adequacy of consideration, and we, therefore, reverse.

I

At the time these events occurred, the Kornegay defendants were farmers, with two main farming operations. One farming operation belonged to Ellis Gerald Kornegay (Gerald Kornegay) and his wife, Connie, and the other belonged to Gerald's father, Cecil Kornegay, and his wife Jean. Kelvin Kornegay, Gerald Kornegay's brother, had recently graduated from high school and lived with his father. Smith-Douglass, Inc. (SDI), a fertilizer supplier, and First-Citizens Bank & Trust Company (FCBT), held notes totalling $124,000 from Gerald Kornegay for moneys advanced for farm supplies and operating costs.

On 7 March 1982 Gerald and Connie Kornegay transferred three parcels of land to members of their family: a 100-acre tract and a two-acre tract to Cecil and Jean Kornegay, and an 11-acre tract to Kelvin Kornegay. Gerald Kornegay thereafter defaulted on the SDI and FCBT notes. The two creditors brought actions, later consolidated, on the notes themselves and also to void the transfers as fraudulent. On the creditors' motion for summary judgment, supported by the depositions of all five Kornegays, the trial court rendered judgment on the notes and declared the transfers void. From this ruling, the Kornegays appeal.

## II

The Kornegays do not contest, in either their assignments of error or their brief, the grant of summary judgment on the notes. Therefore the propriety of that portion of the court's order is not challenged by this appeal, and we accordingly affirm it. 4A N.C. Gen. Stat. App. I 2(A), N.C. R. App. P. 10(a), 28(a) (Supp. 1983); *State v. Brothers*, 33 N.C. App. 233, 234 S.E. 2d 652, *disc. rev. denied*, 293 N.C. 160, 236 S.E. 2d 704 (1977). Only the portion granting summary judgment on the conveyances claim remains.

## III

Summary judgment is proper only when the forecast of evidence shows that no genuine issue exists as to any material fact and that the movant is entitled to judgment as a matter of law. *Sharpe v. Quality Education, Inc.*, 59 N.C. App. 304, 296 S.E. 2d 661 (1982). The court must look at the record in the light most favorable to the non-movant in evaluating the evidence. *Id.* When a question of material fact exists on the record so viewed, the movant has no right to summary judgment, and a summary judgment order will be reversed. *Liberty Loan Corp. v. Miller*, 15 N.C. App. 745, 190 S.E. 2d 672 (1972).

## IV

The pivotal question is whether there was sufficient consideration for the three transfers. If no sufficient consideration changed hands, then the conveyances were voluntary and void, since Gerald Kornegay admitted that he did not retain sufficient property to satisfy his debts. N.C. Gen. Stat. § 39-17 (1976). No question of fraud would then need to go to the jury, *Black v. Sanders*, 46 N.C. (1 Jones) 67 (1853), and summary judgment would therefore be appropriate. If, on the other hand, consideration did pass, the intent of the parties to the transactions becomes an essential element of the creditors' action. N.C. Gen. Stat. § 39-15 (1976); *Aman v. Walker*, 165 N.C. 224, 81 S.E. 162 (1914); *Moore v. Hinnant*, 89 N.C. 455 (1883). Questions of fraudulent intent ordinarily go to the jury on circumstantial evidence, and summary judgment is usually inappropriate. *Johnson v. Phoenix Mutual Life Ins. Co.*, 300 N.C. 247, 266 S.E. 2d 610 (1980). The evidence in the record as to the state of mind of Gerald Kornegay does not compel a conclusion as a matter of law that he

transferred the property with intent to defraud. Therefore, unless the plaintiffs' evidence established as a matter of law that no consideration passed, the trial court erred in granting summary judgment to FCBT and SDI.

V

What constitutes valuable consideration under G.S. § 39-15 (1976) was explained by our Supreme Court in *North Carolina Nat'l Bank v. Evans*, 296 N.C. 374, 250 S.E. 2d 231 (1979). The *Evans* court clearly distinguished consideration under the law of fraudulent conveyances from that under the law of contracts as follows:

> This crucial distinction was explained by Chief Justice Ruffin in *Fullenwider v. Roberts*, 20 N.C. 420 (1839). Mere inadequacy of price is not sufficient to set aside a contract as between two parties for the reason that 'if one will, without imposition, distress or undue advantage, make a bad bargain with his eyes open, *he* must stand to it. His agreement is sufficient, because his interests alone are affected by it.' *Id.* However, different policy considerations come into play when the transaction involves the interests of a creditor who is not a party to the transaction. As against such creditors 'the price must be sufficient in itself to sustain the deed, without the aid of their acceptance, for no such acceptance exists.' *Id.* Since the creditor has no control over the amount of consideration which his debtor will accept in relinquishing assets, the law requires that the debtor receive 'a *fair* and *reasonable* price, according to the common mode of dealing between buyers and sellers.' *Id.* This does not mean that the debtor 'should [be] paid every dollar the land was worth, but he should [be] paid a reasonably fair price—such as would indicate fair dealing, and not be suggestive of fraud.' *Austin v. Staten*, 126 N.C. 783, 36 S.E. 338 (1900). Such a requirement prevents a debtor from placing his assets beyond the reach of his creditors by transfers to friendly parties for nominal considerations.

296 N.C. at 378-79, 250 S.E. 2d at 234. The resolution of the issue on appeal depends on the strength of the evidence that Gerald and Connie Kornegay did not receive a "fair and reasonable" price for the tracts in question.

## VI

The trial court had before it evidence that Gerald Kornegay's parents had loaned him approximately $73,000 and that the transfer of the real property satisfied that debt. The parents, Cecil and Jean Kornegay, claimed to take title in exchange for forgiveness of this existing debt. The majority of jurisdictions accept such satisfaction of debt as consideration if the amount forgiven is fairly equivalent to the value of the property. 37 Am. Jur. 2d *Fraudulent Conveyances* § 21, at 712 (1968). North Carolina has recognized a conveyance for the *sole* purpose of discharging an honest debt as outside the statutory prohibition against fraudulent conveyances. *Hafner v. Irwin*, 23 N.C. (1 Ired.) 490 (1841). In *Wurlitzer Distributing Corp. v. Schofield*, 44 N.C. App. 520, 261 S.E. 2d 688 (1980), this Court considered the application of *Hafner*, and concluded that *Hafner* controlled when it had been established that the existing debts were valid. The creditors have not shown that the existing debt was invalid as a matter of law; the kind of "after the fact" invention found in *Wurlitzer* is not conclusively apparent on this record. The creditors emphasize the absence of revenue stamps on the deeds as proof of no real consideration; however, under current law this is only *evidence* of lack of consideration, not conclusive proof. *See* N.C. Gen. Stat. § 105-228.32 (1979); 40 N.C. Att'y Gen. Rep. 876 (1970) (duty of presenter, not Register of Deeds, to ensure proper amount of stamps affixed). The creditors also contend that the debt to Gerald Kornegay's father Cecil consisted of obligations on joint purchases and that the purchases were for the benefit of Cecil Kornegay, and therefore no consideration passed by the forgiveness. The record does not conclusively establish that all the purchases were joint in nature; in fact, there was substantial testimony by Cecil and Jean Kornegay that they lent money to pay bills incurred solely by Gerald. Nothing in the record suggests that the creditors attempted to discover the financial records of the Kornegays, or to force them to admit that there were no such records. *Compare Wurlitzer v. Schofield* (no records or notes or demand for payment). On this record we conclude that there was a genuine issue of fact as to the existence of consideration by virtue of satisfaction of debt.

In addition, there was evidence that Cecil and Jean Kornegay assumed the remaining purchase obligations on the tracts they re-

ceived. Assumption of the remainder of existing mortgage debts can also constitute sufficient consideration. *NCNB v. Evans; see also* 37 Am. Jur. 2d *Fraudulent Conveyances* § 22, at 712-13 (1968).

Whether these two types of consideration, taken together, constituted a "fair and reasonable" price also appears to present a genuine issue of fact. The amount of debt satisfied and assumed by Cecil and Jean Kornegay, apparently some $170,000,[1] does not appear to be so unreasonably disproportionate to the asserted fair market value of the property as to conclusively indicate fraud. *See* 37 Am. Jur. 2d *Fraudulent Conveyances* §§ 20-21, at 710-12 (1968). Accordingly, we conclude that there was a genuine issue as to valuable consideration, and that the trial court erred in granting summary judgment for the creditors with respect to the transfers to Cecil and Jean Kornegay.

## VII

With respect to the conveyance to Kelvin Kornegay, it is undisputed that Kelvin paid an existing debt of $2,000 in the name of Gerald Kornegay for the tract. The only question presented here thus becomes whether the record shows as a matter of law that this sum did not constitute a "fair and reasonable price" for the property. The creditors relied on an unsworn and uncertified financial statement executed by Gerald and Connie Kornegay, which indicated that the fair market value of the property was $15,000. The creditors did not present any other independent assessment of the value of the property. In his sworn deposition, Gerald Kornegay testified to the contrary that the market value at the time of transfer had dropped to $2,000 as a result of falling land prices, the cutting of timber off the land, and his own failure to complete planned drainage of it. In view of the authentication requirements for materials used to support summary judgment, this conflicting evidence presented a material issue as to the adequacy of consideration. N.C. Gen. Stat. § 1A-1, Rule 56(e) (1983) (certification required); *see under identical federal rule Zoslaw v. MCA Distributing Corp.,* 693 F. 2d 870 (9th Cir. 1982), *cert. denied,* --- U.S. ---, 76 L.Ed. 2d 349, 103 S.Ct. 1777 (1983) (un-

---

1. We reach this figure as follows: $73,000 debt forgiveness + $54,000 mortgage assumption + $13,000 and $30,000 debt assumption on house and grain facility.

authenticated documents properly disregarded); *United States v. Dibble*, 429 F. 2d 598 (9th Cir. 1970) (merely attaching unauthenticated documents to affidavit insufficient). Summary judgment was therefore incorrectly granted as to this conveyance.

## VIII

Accordingly, we hold that on the record before it the trial court erred in granting summary judgment voiding the conveyances. However, its ruling on the promissory notes was correct. The judgment appealed from is therefore

Affirmed in part; reversed in part.

Judges HILL and BRASWELL concur.