DELLINGER SEPTIC TANK CO. v. SHERRILL

[94 N.C. App. 105 (1989)]

---

DELLINGER SEPTIC TANK CO., INC. v. GRIFFIN M. SHERRILL, ROGER G. SHERRILL, AND LONNIE R. SHERRILL, D/B/A G. M. SHERRILL & SONS, AND ROLON CONSTRUCTION CO., INC.

No. 8827SC940

(Filed 6 June 1989)

1. **Fraudulent Conveyances § 3.3— conveyance with intent to defraud creditor—other indebtedness—relevant**

     The trial court did not err in an action to set aside a conveyance of personal property on the grounds that it was made with intent to defraud plaintiff by admitting testimony concerning indebtedness between plaintiff and defendants other than a 1981 judgment, which was the only debt alleged in this complaint. The existence of other debts is relevant to the issue of intent and the financial circumstances of the debtor at the time of the conveyance are relevant to the determination of whether the conveyance was fraudulent. N.C.G.S. § 39-15, N.C.G.S. § 8C-1, Rule 403.

2. **Fraudulent Conveyances § 3.4— conveyance with intent to defraud creditor—evidence sufficient**

     The trial court correctly denied defendants' motions for a directed verdict and judgment n.o.v. in an action to set aside

a conveyance of personal property on the grounds that it was made with intent to defraud plaintiff where the question of voluntary transfer is superfluous because defendant Lonnie Sherrill is both a grantor and the president of the grantee corporation and would necessarily have had notice of any intent attributed to the grantor, and there was sufficient evidence to support the jury's finding that the conveyance was made with the actual intent to defraud plaintiff in that plaintiff's evidence tended to show that defendants owed several debts to plaintiff which they were unable to pay. Although the jury did not specifically find that defendants did not retain sufficient property to pay their debts, the evidence allowed the jury to infer that defendants actually intended to defraud creditors.

APPEAL by defendants from *Lewis (Robert D.), Judge.* Judgment entered 23 March 1988 in Superior Court, LINCOLN County. Heard in the Court of Appeals 22 March 1989.

Plaintiff instituted this action to set aside a conveyance of personal property on the grounds that the conveyance was made with the intent to defraud plaintiff. On 4 March 1981, plaintiff obtained a judgment against the individual defendants in the amount of $16,552.58. At that time the individual defendants were engaged in the business of installing septic tanks under the name of G. M. Sherrill & Sons. In connection with their business, defendants owned the following equipment: a 1977 GMC truck, a 1976 John Deere backhoe and loader, a 1973 Caterpillar loader, a 1979 Ford truck, and a 1974 Rogers trailer.

Plaintiff attempted to collect on the judgment in 1981 but did not succeed. Thereafter, defendants Griffin M. Sherrill and Roger G. Sherrill left the business of G. M. Sherrill & Sons. In December 1985, defendant Rolon Construction Co., Inc. (hereinafter "Rolon") was incorporated. Defendant Lonnie R. Sherrill is the president of Rolon. In January 1986, the equipment that had been owned in connection with G. M. Sherrill & Sons was transferred to Rolon. After a second unsuccessful attempt to collect on its judgment in May 1986, plaintiff filed this action to set aside the conveyance of the equipment to Rolon.

The case was tried before a jury which answered the submitted issues as follows:

DELLINGER SEPTIC TANK CO. v. SHERRILL

[94 N.C. App. 105 (1989)]

1. Was anything of reasonable value given by Rolon Construction, Company, Inc. for the conveyances by GM Sherrill & Sons, to Rolon Construction on or about January 23, 1986?

Answer: No

2. Was the conveyance from GM Sherrill & Sons to Rolon Construction Company, Inc. made with the actual intent to defraud their creditor, Dellinger Septic Tank Co., Inc.?

Answer: Yes

3. If so, did Rolon Construction Company, Inc. have actual notice of the intent to defraud Dellinger Septic Tank Co., Inc.?

Answer: Yes

Based upon the jury's findings, the trial court concluded that the conveyance was fraudulent and entered judgment declaring the conveyance to be void and of no effect. Defendants appeal.

*Thomas J. Wilson, Jr. for plaintiff-appellee.*

*James W. Stancil for defendant-appellants.*

PARKER, Judge.

Defendants first assign error to the admission of certain testimony over their objection and the trial court's denial of their motion to strike the testimony. Defendants' remaining assignments of error are directed to the trial court's denial of their motions for directed verdict and judgment notwithstanding the verdict.

[1] Plaintiff's only witness was its president, Gary Dellinger. The testimony to which defendants objected concerned defendants' indebtedness to plaintiff. Defendants objected to and moved to strike Mr. Dellinger's testimony that plaintiff originally filed a lawsuit against defendants to recover the sum of $32,000; that plaintiff had taken a backhoe as part payment for defendants' debt; that defendants had allowed plaintiff to hold a tractor as collateral on the debt; and that defendants owed approximately $5,000 on an account with plaintiff which plaintiff unsuccessfully tried to collect in December 1985.

Defendants contend that the testimony in question is irrelevant and inadmissible because it concerns indebtedness other than the judgment plaintiff obtained in 1981, which was the only debt alleged

in plaintiff's complaint. Defendants also contend that the testimony should have been excluded under Rule 403 of the N.C. Rules of Evidence because its probative value is outweighed by the danger of unfair prejudice. These contentions are without merit.

A conveyance is void if it is made with the intent to delay, hinder, or defraud creditors. G.S. 39-15. There are various methods by which a creditor may prove that a conveyance is fraudulent. *See Bank v. Evans*, 296 N.C. 374, 376-77, 250 S.E. 2d 231, 233 (1979). Depending upon the method of proof, a creditor seeking to void a debtor's conveyance may be required to prove either (i) that the debtor did not retain property sufficient to pay his debts existing at the time of the conveyance or (ii) that the debtor conveyed the property with the actual intent to defraud creditors. *Id.* Thus, the financial circumstances of the debtor at the time of the conveyance are relevant to the determination of whether the conveyance is fraudulent. *See Bank v. Lewis*, 201 N.C. 148, 156, 159 S.E. 312, 317 (1931). General Statute 39-17 provides in pertinent part: "the indebtedness of the donor or settler at such time shall be held and taken, as well with respect to creditors prior as creditors subsequent to such gift or settlement, to be evidence only from which an intent to delay, hinder or defraud creditors may be inferred . . . ."

Therefore, any indebtedness of defendants in this case at the time of the conveyance is a relevant circumstance. Plaintiff's evidence tended to show that defendants owed debts to plaintiff other than the 1981 judgment and that they had not been able to pay those debts. Plaintiff's failure to allege the debts in its complaint is of no consequence. A party is not required to plead evidence. *Lea Co. v. N.C. Board of Transportation*, 308 N.C. 603, 629, 304 S.E. 2d 164, 181 (1983). Furthermore, the existence of the other debts is relevant on the issue of defendants' intent, and intent may be proved by evidence of "other acts" of defendants. Rule 404(b), N.C. Rules Evid. In this regard, Mr. Dellinger's testimony that he tried to collect the $5,000 owing on defendants' account shortly before the conveyance occurred is especially relevant to show defendants' intent in making the conveyance.

Having found the testimony in question to be relevant, we find no error in the trial court's failure to exclude it under Rule 403 of the N.C. Rules of Evidence. The evidence was not unfairly prejudicial and the trial court did not abuse its discretion in failing

to exclude it. *See State v. Mason*, 315 N.C. 724, 731, 340 S.E. 2d 430, 435 (1986).

[2] Defendants next contend that the trial court erred in denying their motions for directed verdict and judgment notwithstanding the verdict. Both motions present the same question: Whether the evidence, taken in the light most favorable to plaintiff, is sufficient as a matter of law to justify a verdict in plaintiff's favor. *Perry v. Williams*, 84 N.C. App. 527, 528, 353 S.E. 2d 226, 227 (1987). In determining the sufficiency of the evidence, plaintiff is entitled to the benefit of every reasonable inference that can be drawn from the evidence and all conflicts must be resolved in plaintiff's favor. *Id.* Defendants contend that there was not sufficient evidence to support the jury's findings that (i) Rolon did not give anything of reasonable value for the conveyance of the equipment and (ii) the conveyance was made with the actual intent to defraud plaintiff.

The question of whether Rolon gave anything of reasonable value for the conveyance is determinative of the element of voluntariness. A conveyance is voluntary if it is not supported by valuable consideration. *Bank v. Evans*, 296 N.C. at 378, 250 S.E. 2d at 234. If a conveyance is voluntary, it is also fraudulent when either (i) the grantor does not retain sufficient property to pay existing debts or (ii) the conveyance is made with the actual intent to defraud creditors. *Id.* at 376-77, 250 S.E. 2d at 233. Even if supported by valuable consideration, however, a conveyance is fraudulent if the grantor actually intended to defraud creditors and the grantee participated in or had notice of the grantor's intent. *Id.*

The jury in this case found that the conveyance was both voluntary and made with actual intent to defraud of which the grantee had notice. Although there was evidence tending to show that defendants did not retain sufficient property to pay their existing debts, this issue was not submitted to the jury. Whether defendants retained sufficient property is a jury question. *See Supply Corp. v. Scott*, 267 N.C. 145, 153-54, 148 S.E. 2d 1, 6-7 (1966). Therefore, the jury's finding of actual intent is essential to plaintiff's success in this case.

Defendants concede in their brief that, because defendant Lonnie Sherrill is both a grantor and the president of the grantee corporation, the grantee would necessarily have notice of any intent attributed to the grantor. Thus, if the evidence is sufficient to sustain the finding of actual intent, the trial court's judgment is

correct without regard to whether the conveyance was voluntary. Accordingly, the question of voluntariness is superfluous in the context of this case, and we need not consider the sufficiency of the evidence to support the jury's finding on that issue.

The only question remaining is whether there was sufficient evidence to support the jury's finding that the conveyance was made with the actual intent to defraud plaintiff. Questions of fraudulent intent ordinarily go to the jury on circumstantial evidence. *Smith-Douglass v. Kornegay; First-Citizens Bank v. Kornegay*, 70 N.C. App. 264, 266, 318 S.E. 2d 895, 897 (1984). Intent to defraud creditors may be shown by the acts and conduct of the parties from which the intent reasonably may be inferred. *Nytco Leasing v. Southeastern Motels*, 40 N.C. App. 120, 130, 252 S.E. 2d 826, 833 (1979).

In the present case, the evidence was amply sufficient to support the jury's verdict. As we have already noted, plaintiff's evidence tended to show that defendants owed several debts to plaintiff which they were unable to pay. Although the jury did not specifically find that defendants did not retain sufficient property to pay their debts, this evidence allowed the jury to infer that defendants actually intended to defraud creditors. *See Distributing Corp. v. Schofield*, 44 N.C. App. 520, 528-29, 261 S.E. 2d 688, 693 (1980); *Edwards v. Bank*, 39 N.C. App. 261, 272, 250 S.E. 2d 651, 659 (1979). Such an inference is also supported by plaintiff's evidence that it attempted to collect a $5,000 account balance shortly before the conveyance occurred.

In addition, although we have held that the issue of voluntariness is not essential in this case, the consideration for the conveyance is another circumstance from which intent may be inferred. Defendants contend that there was valuable consideration in that Rolon agreed to assume defendants' indebtedness to a third party in the amount of $93,000. This indebtedness was evidenced by a promissory note which was secured by the equipment conveyed.

Assumption of a debt may constitute adequate consideration for a conveyance, but the grantee's inability to pay the debt renders the consideration inadequate. *Distributing Corp. v. Schofield*, 44 N.C. App. at 527, 261 S.E. 2d at 693. In this case, the note calls for monthly payments of $888.76, but Rolon is not making regular payments on the note. The noteholder, who is related to the individual defendants, is allowing Rolon to pay off the debt by do-

ing work for him. This arrangement, together with the relationship of all parties to the transaction, is further evidence from which the jury could reasonably infer fraudulent intent. *See Nytco Leasing v. Southeastern Motels*, 40 N.C. App. at 130, 252 S.E. 2d at 833. Accordingly, the trial court correctly denied defendants' motions for directed verdict and judgment notwithstanding the verdict.

For the foregoing reasons, we find no error in the proceedings below.

No error.

Judges PHILLIPS and COZORT concur.