13204

DENNIS v. McKNIGHT *ET AL.*

(159 S. E., 555)

*Messrs. William C. Wolfe, Ed C. Mann* and *M. S. Connor,* for appellant,

*Messrs. J. D. E. Meyer, Adam H. Moss, M. E. Zeigler, C. T. Graydon, N. N. Newell* and *Louis G. Fultz,* for respondents,

July 17, 1931.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an appeal by the plaintiff from an order of his Honor, Judge Mann, sustaining a demurrer to the complaint upon the general ground, with very scant specifications. The

demurrer was sustained by a formal order dated December 23, 1930, without elaboration.

The action was commenced at a time not stated in the record, but evidently at some time between July 24, 1930, and December 23, 1930; the object of the action was to set aside certain conveyances of real estate executed by the defendant Glennie D. McKnight to his wife, the defendant V. B. McKnight, dated on or about September 2, 1930, as having been made in violation of the Statute of Elizabeth, Section 5218, Volume 3, Code of 1922.

It appears from the allegations of the complaint that on July 24, 1930, the defendant Glennie D. McKnight wrongfully caused the death of Edward J. Dennis; that on July 30th, McKnight was arrested and committed to jail charged with the murder of Dennis; that on September 2d he executed and delivered to his wife a deed by which he conveyed to her all of his property; that she accepted the same and had it recorded; that on September 15th the plaintiff commenced an action in the Court of Common Pleas for Berkeley County against McKnight for $200,000.00 damages for the wrongful death of Dennis, which action is pending; that later (the date not stated), the plaintiff instituted the present action for the purpose of setting aside the conveyance referred to above and to enjoin the defendants from attempting to dispose of the property covered by said conveyance.

The complaint alleges further: "That the execution and delivery of the aforesaid deed by the defendant, Glennie D. McKnight, and the acceptance thereof by the defendant, Mrs. V. B. McKnight, was fraudulent and was planned, intended and purposed by them and both of them to place all of the property of the defendant, Glennie D. McKnight, beyond the reach of any judgment or recovery for damages had by the plaintiff herein in her aforesaid action against the said Glennie D. McKnight, for Two Hundred Thousand Dollars damages for the murder of her husband and her intestate; and that the defendants, Glennie D. McKnight and Mrs.

V. B. McKnight, planned such fraudulent scheme for the purpose of defrauding the plaintiff and that such fraudulency was actual and was done consciously by the defendants, Glennie D. McKnight and Mrs. V. B. McKnight, both of them well knowing and intending that such deed should put all of the property belonging to the said Glennie D. McKnight beyond the reach of the plaintiff herein in violation of the law of the land and in contravention of the Statutes of Elizabeth now in force and having the force of law in this State as Section 5218 of Vol. 3, of the Code of Laws of said State, 1922."

From the argument of counsel for the McKnights it appears that the grounds of objection to the complaint are that the plaintiff, holding and asserting a claim against McKnight for damages on account of the alleged wrongful homicide of Dennis, is not entitled to invoke the Statute of Elizabeth; and that if so the complaint does not allege such fraud in the conveyance by McKnight to his wife as would entitle her to maintain such an action as she has brought before she shall have recovered a judgment upon her claim and a return *nulla bona* upon the execution.

The position of the respondents is that a claim in tort for damages cannot be considered a debt within the meaning of the Code, § 5218. Concede that to be true, which is not necessary in this case, the statute plainly covers the present matter. It provides, omitting nonessentials: "Every * * * conveyance of lands * * * which may be had or made, to or for any intent or purpose to delay, hinder, or defraud creditors and others of their just and lawful actions, suits, debts, accounts, damages, penalties, and forfeitures, shall be deemed and taken * * * to be clearly and utterly void, frustrate, and of none effect."

As to the further objection that judgment must have been obtained and *nulla bona* return made, the case of *Temple v. Montgomery*, 157 S. C., 101, 153 S. E., 640, is conclusive, as a bare reading of the allegation above

quoted suffices to show that practically a conspiracy between the grantor and the grantee existed to defeat the possibility of realizing upon the instituted action for damages.

The judgment of this Court is that the order appealed from be reversed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.