18135

DILLON TIRE SERVICE, INC., Respondent-Appellant, v.
R. H. POPE and W. S. POPE, Appellants

(133 S. E. (2d) 813)

*Messrs. Norton & Norton,* of Marion, *for Appellants,*

*Messrs. McEachin, Townsend & Zeigler,* of Florence, *for Respondent,*

December 10, 1963.

TAYLOR, Chief Justice.

This is a suit in equity by *Dillon Tire Service, Inc.,* *against R. H. Pope and W. S. Pope* to set aside a certain conveyance of real estate executed by R. H. Pope to his brother, W. S. Pope, during April, 1960.

The complaint alleges that between the dates of February 9, 1959, and February 1, 1960, plaintiff sold and delivered to defendant, R. H. Pope, goods and services in the total amount of $2,513.10, and that subsequent to the first day of February, 1960, defendant was at all times indebted to plaintiff in that amount. It is further alleged that plaintiff obtained a judgment on September 26, 1960, against defendant, R. H. Pope, in the amount of $2,522.60, and that such judgment was entered of record in the office of the Clerk of Court for Marion County and that subsequent

thereto execution was delivered to the Sheriff of Marion County and such execution has been returned *nulla bona*. It is then alleged that the conveyance from defendant, R. H. Pope, to defendant, W. S. Pope, in consideration of the sum of $236.00 and the assumption of a mortgage indebtedness due thereon, was fraudulently made for the purpose of hindering and delaying the creditors of R. H. Pope and was not supported by a *bona fide* consideration.

The prayer is that the conveyance be set aside and declared null and void, that the said property be sold subject to the existing mortgage thereon, and that the proceeds of such sale be applied to plaintiff's judgment heretofore had against defendant, R. H. Pope. Plaintiff further prayed that defendant, W. S. Pope, be required to account for the rents and profits from said property since April, 1960.

The defendant, R. H. Pope, by way of answer, admits the obtaining of a judgment against him in September, 1960, and the entry thereof, the execution of the deed in question for the consideration alleged and the possession of W. S. Pope since April, 1960, and denies the remaining allegations of the complaint; further that the goods and services referred to in the complaint were furnished to Pope Tire Co., Inc., a Corporation, by whom he was employed, and that in May, 1960, plaintiff obtained judgment by default for such goods and services against the corporation. He denies that at the time of the execution of the conveyance in question he was indebted to plaintiff in any amount and alleges that no indebtedness had been claimed by plaintiff. He further alleges the conveyance in question was made for a *bona fide* consideration and in good faith with no intention or purpose to defraud, delay or hinder plaintiff or any creditor.

Defendant, W. S. Pope, admits the execution of the deed as alleged and possession since its execution. He further alleges that the transaction was *bona fide* and for a good and valid consideration and that he is an innocent purchaser for value without notice.

Plaintiff moved for a general Order of reference. After hearing thereon, the Honorable G. Badger Baker, by Order of November 18, 1961, granted the motion, holding that the indebtedness of R. H. Pope to plaintiff was not an issue in the present cause. This Order was not appealed from and thereby became the law of the case.

At the conclusion of plaintiff's testimony before the Honorable D. B. McIntyre, Acting Master for Marion County, defendants moved for nonsuit, which the Master granted in his report on the grounds that the only reasonable inference to be drawn from the testimony is that the debtor-creditor relationship necessary to attack the conveyance did not exist.

Plaintiff filed appropriate exceptions to the Master's Report. Judge Baker in his Order of November 17, 1962, held that plaintiff's judgment against defendant, R. H. Pope, established "a creditor-debtor relationship which fulfills the requirement for the maintenance of this action," reversed the Order of the Master granting a nonsuit, and returned the cause for a conclusion of the reference.

The right to attack a voluntary conveyance on the grounds of legal or constructive fraud belongs solely to a preexisting creditor of the grantor. The creditor is required as a general rule to reduce the debt to judgment and have execution issued and returned *nulla bona* by the sheriff. *Temple v. Montgomery,* 157 S. C. 85, 153 S. E. 640; *Dennis v. McKnight,* 161 S. C. 209, 159 S. E. 555; *Klein Co., Inc., v. Kneece,* 239 S. C. 478, 123 S. E. (2d) 870.

Evidence of judgment obtained by plaintiff against defendant, R. H. Pope, was introduced in evidence in the hearing before the Master. This judgment is based upon an indebtedness arising out of an account upon which the balance due existed prior to the conveyance in question and execution thereon was returned *nulla bona.* Such judgment, regular upon its face, is immune from at-

tack in any action other than that in which it was rendered except upon proof of fraud or want of jurisdiction, *Ruff v. Elkin,* 40 S. C. 69, 18 S. E. 220; *First Carolinas Joint Stock Land Bank of Columbia v. Knotts,* 191 S. C. 384, 1 S. E. (2d) 797; *Fouche v. Royal Indemnity Co. of New York,* 217 S. C. 147, 60 S. E. (2d) 73; *Singleton v. Mullins Lumber Company,* 234 S. C. 330, 108 S. E. (2d) 414; and is conclusive, whether rendered on default or after contest, as to the relation of debtor and creditor between the parties and the amount of indebtedness and cannot be collaterally impeached by the grantee of the debtor in a suit to set aside the conveyance as fraudulent. 37 C. J. S. Fraudulent Conveyance § 349, p. 1182.

Defendants have not attacked the validity of plaintiff's judgment against defendant, R. H. Pope, but rather are attempting to submit evidence showing R. H. Pope was not in fact indebted to plaintiff prior to the conveyance. The proper time to have asserted that only Pope Tire Co., Inc., was plaintiff's debtor was when the action was brought against R. H. Pope, individually, on the account. The judgment against R. H. Pope establishes a debtor-creditor relationship which fulfills the requirements for the maintenance of this action.

For the foregoing reasons, we are of opinion that the Order appealed from should be affirmed; and it is so ordered.

Affirmed.

Moss, Lewis,. Bussey and Brailsford, JJ., concur.