## 22741

Robert LEBOVITZ and Richard Ender, Appellants v. Donald E. MUDD, Sr., Donald E. Mudd, Jr., Arnold H. Heltzer, J. Ray Westmoreland, John Gettys Smith, John Gettys Smith Associates, Allen L. Richardson, Diane Taylor Hickey, a/k/a Diane Taylor, L. U. C. A. B. Partnership, Michael D. Stronberg, H. B. Land Partnership, Cooper Land Holding Partnership, Jamie G. Reynolds, DASOCA Properties, and First Illinois Bank of Evanston, N.A., Defendants, of whom Donald E. Mudd, Sr., Donald E. Mudd, Jr., Arnold H. Heltzer, L. U. C. A. B. Partnership, DASOCA Properties and First Illinois Bank of Evanston, N.A., are Respondents. and Richard ENDER, Charles R. Rose and Bruce Munies, Appellants v. Donald E. MUDD, Sr., Donald E. Mudd, Jr., Arnold H. Heltzer, L. U. C. A. B. Partnership, New River Partnership, Osprey Partnership, John Gettys Smith, John Gettys Smith Associates, Allen L. Richardson, Melissa R. Paine, J. Ray Westmoreland, A. R. Grant Morehouse, DASOCA Properties and First Illinois Bank of Evanston, N.A., Defendants, of whom Donald E. Mudd, Sr., Donald E. Mudd, Jr., Arnold H. Heltzer, L. U. C. A. B. Partnership, DASOCA Properties and First Illinois Bank of Evanston, N.A., are Respondents.

(358 S. E. (2d) 698)

Supreme Court

*Robert V. Mathison, Jr.*, of *Mathison & Mathison*, of Hilton Head; *Charles Porter, Celeste Jones* and *Stephen A. Spitz*, all of *the McNair Law Firm, P.A.*, Columbia, *for appellants.*

*Joel D. Bailey*, of *Moss, Bailey & Dore, P.A.*, Beaufort, *for respondents Donald E. Mudd, Sr.* and *Donald E. Mudd, Jr.*

*Marvin D. Infinger*, of *Sinkler, Gibbs & Simons, P.A.*, of Charleston; and *Howard J. Stein*, Chicago, Ill., *for respondents Arnold H. Heltzer, L. U. C. A. B. Partnership, DASOCA Properties*, and *First Illinois Bank of Evanston, N.A.*

Heard May 5, 1987.

Decided June 22, 1987.

LITTLEJOHN, Acting Associate Justice:

This appeal involves two consolidated cases. The circuit court, pursuant to Rule 12(b)(6), SCRCP, dismissed appellants' causes of action alleging fraudulent conveyances. The court further ordered that notices of *lis pendens* be stricken. We reverse and remand.

## FACTS
Appellants brought these actions against respondents and the other defendants for fraud and unfair trade practices in

connection with sales of certain lands on Daufuskie Island. The complaints allege the individual respondents participated in a scheme to defraud appellants. Specifically, appellants allege that after arranging for them to purchase real estate at a certain price, the individual respondents bought the property for a substantially lower sum and then resold it to appellants through a straw party, retaining the profits.

Appellants' complaints also include causes of action alleging respondents had made fraudulent conveyances proscribed by the Statute of Elizabeth, S. C. Code Ann. § 27-23-10 (1976). They allege the individual respondents recorded 18 backdated deeds which transferred all of the real property of their South Carolina partnership, L. U. C. A. B., first to themselves individually and then to their newly created Illinois partnership, DASOCA. Appellants further allege these transfers were made for no consideration, thereby rendering L. U. C. A. B. insolvent, and were made with knowledge of appellants' fraud and unfair trade practices claims and with the actual intent to defraud them.

To give notice of their claims to set aside the alleged fraudulent conveyances, appellants filed and served notices of *lis pendens* covering ten parcels of property. Of these, only one is connected with the fraud and unfair trade practices causes of action.

The circuit court dismissed the fraudulent conveyances causes of action on two grounds:

> (1) "[Appellants] nowhere assert [they] possess the status of a creditor or other entitled to bring an action within the meaning of the fraudulent conveyance statute, S. C. Code Ann. § 27-23-10 [(1976)].
> (2) "As a general rule [one must] reduce the debt to judgment and have execution issued and returned *nulla bona* by the sheriff to attack a conveyance as fraudulent."

The court also ordered the notices of *lis pendens* stricken, reasoning that appellants' appropriate remedy was under the prejudgment attachment statutes, S. C. Code Ann. § 15-19-10 *et seq.* (1976).

While the appeal was pending respondents petitioned this court for extraordinary relief, requesting that the notices of *lis pendens* be cancelled. We granted the relief. However, the effect of our order was *pendente lite* only and we address here the merits of the *lis pendens* issue.

## ISSUES

I. Did the trial court err in dismissing the causes of action for fraudulent conveyances?

II. Did the trial court err in ordering that the notices of *lis pendens* be stricken?

## I. FRAUDULENT CONVEYANCES

The two grounds upon which the circuit court dismissed the fraudulent conveyances causes of action will be addressed in turn.

### A. *Pleadings*

Appellants contend their complaints properly allege the status of one entitled to the protection of the fraudulent conveyances statutes. We agree.

Section 27-23-10 provides:

> Every ... conveyance of lands ... which may be had or made to or for any intent or purpose to delay, hinder or defraud creditors *or others* of their just and lawful actions ... shall be ... clearly and utterly void. [Emphasis supplied.]

As the emphasized language clearly shows, the statute does not limit its application to judgment creditors. Rather, its protection extends to other types of parties defrauded in connection with the conveyance of property.

In *Dennis v. McKnight*, 161 S. C. 209, 159 S. E. 555 (1931) the complaint alleged the defendant had conveyed all of his property to his wife with the intention of placing it out of reach of the plaintiff should she recover in a pending wrongful death action. This court held the complaint stated a cause of action for fraudulent conveyances.

As noted above, the complaints here allege the conveyances rendered respondent L. U. C. A. B. insolvent and

were made with knowledge of the appellants' tort claims and with the actual intention to defraud appellants. These factual allegations are indistinguishable from those in *Dennis* and we hold the complaints state causes of action for fraudulent conveyances.

## B. *Nulla Bona Return*

The circuit court alternatively held one must reduce a debt to judgment and obtain a *nulla bona* return as a prerequisite to bringing a fraudulent conveyance action.

However, the new South Carolina Rules of Civil Procedure have modified prior procedure relating to joinder of claims. Rule 18(b), SCRCP, provides:

> Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action ... *In particular, a plaintiff may state a claim for money and a claim to have set aside a conveyance fraudulent as to him, without first having obtained a judgment establishing the claim for money.* [Emphasis added.]

Accordingly, the fraudulent conveyances causes of action properly were included in the complaint and the circuit court erred in its holding. Even under prior practice, in a fraudulent conveyance action based upon *actual* fraud, as here, the creditor need not reduce a debt to judgment and the claim could be joined with other causes of action. *See Dennis v. McKnight, supra; Temple v. Montgomery,* 157 S. C. 85, 153 S. E. 640 (1930); *Miller v. Hughes,* 33 S. C. 530, 12 S. E. 419 (1890). *Cf. Dillon Tire Service, Inc. v. Pope,* 243 S. C. 293, 133 S. E. (2d) 813 (1963) [holding that where conveyance attacked on ground of *constructive* fraud, creditor must first have debt reduced to judgment].

## II. LIS PENDENS

The circuit court ordered cancellation of the notices of *lis pendens* because the underlying fraud claims did not relate to the same property against which the notices were filed. The *lis pendens* statute, S. C. Code Ann. § 15-11-10 (1976), contains no such limitation. Rather, it provides that a notice

of *lis pendens* may be filed in "an action affecting the title to real property."

In *North Carolina Nat'l Bank v. Evans*, 296 N. C. 374, 250 S. E. (2d) 231 (1979) the court construed a *lis pendens* statute similar to § 15-11-10 and concluded a notice properly was filed against property which was the subject of a fraudulent conveyance action:

> [A]ny action seeking to set aside a conveyance of real property as fraudulent 'directly assails the validity of such conveyance and necessarily involves the title. Hence the filing of notice under *lis pendens* statute is essential to give constructive notice to those who are not directly interested in the proceedings.' Quoting *Whitehurst v. Abbott*, 225 N.C. 1, 33 S. E. (2d) 129, 133 (1945).

250 S. E. (2d) at 236, *See also Coleman v. Law*, 170 Ga. 906, 154 S. E. 445, (1930); 51 Am. Jur. (2d) *Lis Pendens* § 21 (1970).

We agree. An action to set aside a fraudulent conveyance is one "affecting title to real property" and notices of *lis pendens* properly were filed against the subject property. Accordingly, the notices of *lis pendens* are ordered reinstated.

Reversed and remanded.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.