THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 

PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 René McMasters, Respondent,
 v.
 Jody E. Charpia, Appellant.
 
 
 

Appeal From Dorchester County
 James C. Williams, Jr., Circuit Court Judge
Unpublished Opinion No. 2007-UP-189
Submitted April 2, 2007  Filed April 24, 2007    

AFFIRMED

 
 
 
 Frederick James Newton, of Summerville, for Appellant.
 Frank M. Cisa, of Mt. Pleasant, for Respondent.
 
 
 

PER CURIAM:  René McMasters brought this action against Jody E. Charpia to set aside a deed of property to Charpia from Charpias husband, Howard, on the basis it was a fraudulent conveyance.  The conveyance was made at a time when McMasters had litigation pending against Charpias husband.  The circuit court granted summary judgment to McMasters, finding the deed should be set aside pursuant to the Statute of Elizabeth, codified at S.C. Code Ann. § 27-23-10(A) (2007).  We affirm.[1]
FACTS
In June 2002, McMasters sued Charpias husband, seeking money damages for alleged construction defects in a new home located in North Charleston, South Carolina.[2]  Charpias husband was the builder.[3]  
By deed dated November 5, 2003, Charpias husband transferred title to the parties marital residence to Charpia.  The deed was recorded in the Office of the Register of Mesne Conveyances for Dorchester County on December 30, 2003.  According to the deed, the transfer was in consideration of the sum of ONE and no/100 DOLLAR ($1.00), this being a deed of gift and the full consideration paid by my wife Jody E. Charpia, the Grantee, on the delivery of this deed . . . .  At the time of this transfer, McMasters lawsuit against Charpias husband for alleged construction defects was still pending.    
In August 2004, McMasters obtained a judgment of $191,600.00 against Charpias husband in the Court of Common Pleas for Dorchester County on her original action for alleged construction deficiencies.[4]  McMasters filed an action for fraudulent conveyance against Charpia in September 2004.  McMasters asked that the conveyance of property to Charpia be set aside based on the Statute of Elizabeth, which provides that transfers of property to creditors or others to avoid a suit or debt shall be deemed void.  See S.C. Code Ann. § 27-23-10(A) (2007).
In November 2005, McMasters filed a motion requesting summary judgment.  She asserted no genuine issues of material fact were in dispute in this action and she was entitled to judgment as a matter of law.    
After a hearing, the circuit court granted the motion for summary judgment and set aside the conveyance pursuant to the Statute of Elizabeth.  The court stated McMasters would be allowed to seek levy and execution upon the residence in satisfaction, or partial satisfaction, of the judgment she had obtained.    
In setting aside the conveyance, the circuit court found the residence transferred to Charpia was worth somewhere between $140,000.00 and $150,000.00, was not encumbered by a mortgage, was clearly a gift, and was conveyed at a time when Charpias husband was aware of the claim being asserted by McMasters.  Although the court found there was no actual intent to defraud, it concluded no actual intent was required since the conveyance was not supported by valuable consideration. 
 
LAW/ANALYSIS
On appeal, Charpia contends the circuit court erred (1) in determining the conveyance of property from her husband should be set aside pursuant to the Statute of Elizabeth because this provision is inapplicable; and, (2) even assuming the statute applies, the court erred in finding that the conveyance was not supported by valuable consideration.

 The Statute of Elizabeth provides in relevant part as follows:
 
 (A)  Every gift, grant, alienation, bargain, 
 transfer, and conveyance of lands, . . . goods and chattels or any of them, . . . which may be had or made . . . for any intent or purpose to delay, hinder, or defraud 
 creditors and others of their just and lawful actions, suits, debts, accounts, damages, penalties, and forfeitures must be deemed and taken (only as against that person or persons, his or their heirs, successors, executors, administrators and assigns . . . ) to be clearly and utterly void . . . and of no effect, . . . any other matter or thing to the contrary notwithstanding.
 

S.C. Code Ann. § 27-23-10(A) (2007) (emphasis added).
Charpia first asserts that the Statute [of Elizabeth] is inapplicable to the transfer because [McMasters] was not a creditor of Howard W. Charpia at the time of the transfer of the property.  Specifically, she argues that when the transfer of property occurred in 2003, McMasters had not yet obtained a judgment against her husband; therefore, McMasters was, [a]t best, . . . a potential future creditor at the time of the transfer because her husband owed no debt to McMasters. 
 
We find no merit to this assertion.  The statute itself expressly provides that it applies to the transfer of property for any intent or purpose to delay, hinder, or defraud creditors and others of their just and lawful actions, suits, debts, accounts, [and] damages . . . .  Id. § 27-23-10(A) (emphasis added).
Our supreme court has specifically held, based on the statutes express language, the Statute of Elizabeth does not limit its application to judgment creditors.  Rather, its protection extends to other types of parties affected by the conveyance of the property.  Lebovitz v. Mudd, 293 S.C. 49, 52, 358 S.E.2d 698, 700 (1987).     
Charpia next contends that, even if the statute is applicable, the court erred in finding that the conveyance to [her] was not supported by valuable consideration.  She asserts she actually paid her husband the sum of one dollar that was recited in the deed.  Further, she asserts small sums or deeds citing love and affection provide sufficient consideration under our case law, and even though the deed did not state the consideration was for love and affection, it is implicit in the familial relationship between [Charpia and her husband] by virtue of the bonds of holy matrimony. 
 
Our supreme court has held no actual intent to defraud need be shown when a transfer is not supported by valuable consideration:

 We have held that under [the Statute of Elizabeth], conveyances shall be set aside under two conditions:  First, where the transfer is made by the grantor with the actual intent of defrauding his creditors where that intent is imputable to the grantee, even though there is a valuable consideration; and, second, where a transfer is made without actual intent to defraud the grantors creditors, but without consideration.  . . .   If the transfer was not made on a valuable consideration, no actual intent to hinder or delay creditors needs be proven.

Windsor Props., Inc. v. Dolphin Head Constr. Co., 331 S.C. 466, 470-71, 498 S.E.2d 858, 860 (1998).  When there are intra-family transfers, the law imposes a burden on the transferee to establish by clear and convincing evidence that there was both a valuable consideration and a bona fide transaction.  Id. at 471, 498 S.E.2d at 860-61.  
 
In Windsor, which involved a transfer of property from a husband to his wife, our supreme court found there was insufficient evidence of consideration where (1) the deed transferring the property recited there was [f]ive dollars and no other consideration, but the attorney who prepared the deed could not recall money changing hands; and (2) the recipient testified consideration existed in the form of thousands of dollars advanced for the purchase, but there was no documentary evidence of these payments in the record other than a chart written by the recipient listing her alleged contributions.  Id. at 471-72, 498 S.E.2d at 860-61.
The supreme court noted the burden was on the recipient to establish the payment of valuable consideration.  Id. at 471, 498 S.E.2d at 860-61.  Moreover, the court stated the focus of the Statute of Elizabeth is on whether the grantor has reserved enough assets to satisfy his obligations, not just at the time of the transfer, but also at the time creditors are able to collect their indebtedness in full.  Id. at 473, 498 S.E.2d at 861-62; see also Gardner v. Kirven, 184 S.C. 37, 191 S.E. 814 (1937).
As the recipient of an intra-family transfer from her husband, the burden was on Charpia to establish the payment of valuable consideration within the meaning of the statute.  Although the deed to Charpia recited a consideration of $1.00 for the property transferred to her by her husband, by her own calculation, the property was worth anywhere from $140,000.00 to $150,000.00 and was not encumbered by a mortgage.  Charpia maintained she paid the dollar to her husband, but otherwise the transfer was a gift.  Charpia acknowledged that the transfer left her husband with no substantial assets in his name.  In addition, both Charpia and her husband, as well as the attorney who prepared the deed, knew McMasterss lawsuit was pending at the time of the transfer.  We believe the only reasonable inference from the evidence is the conveyance was not supported by valuable consideration as required by the statute.  Further, the conveyance was voluntary and it left Charpias husband with no other assets to pay the obligation that had already accrued to McMasters (and was later reduced to judgment).
Based on the foregoing, we find no error in the circuit courts determination the deed to Charpia should be set aside on the basis the conveyance was made in violation of the Statute of Elizabeth.  See Fleming v. Rose, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002) (When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the trial court pursuant to Rule 56(c), SCRCP.); Dennis v. McKnight, 161 S.C. 209, 159 S.E. 555 (1931) (holding a complaint stated a cause of action for violation of the Statute of Elizabeth where a husband conveyed all of his property to his wife to secure the property in the event a judgment for wrongful death was later obtained against him); Albertson v. Robinson, 371 S.C. 311, 638 S.E.2d 81 (Ct. App. 2006) (holding a husbands transfer of the parties marital residence to his wife should be set aside pursuant to the Statute of Elizabeth, even though the creditors claim had not been reduced to judgment at the time of the transfer; the husband made the transfer at the time the claim was pending, he lacked other funds to pay the debt, and the only reasonable inference was the stated consideration was insufficient); Mathis v. Brown, 319 S.C. 261, 460 S.E.2d 406 (Ct. App. 1995) (stating where a transfer is not supported by valuable consideration, it will be set aside pursuant to the Statute of Elizabeth if the grantor was indebted to the creditor at the time of the conveyance, the conveyance was voluntary, and the grantor failed to retain sufficient assets to pay the indebtedness). 
 
AFFIRMED.
HEARN, C.J., GOOLSBY and STILWELL, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] In the caption of her complaint, McMasters stated the suit was against CHARPIA RESIDENTIALS, LLC and HOWARD W. CHARPIA, Individually, DEFENDANT.  Throughout her complaint, McMasters referred to Charpia and his business singularly as the defendant.    
[3] Charpias husband had previously filed a mechanics lien for unpaid amounts McMasters allegedly owed on the home. 
 
[4]  Appellants brief and the circuit courts order state the judgment was obtained in 2005, but the judgment itself and all other references in the record are dated 2004.