**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ned Gregory, Jr., Respondent,

v.

Howell Jackson Gregory, The Gregory Company, Inc., and the City of Lancaster, Defendants,

Of whom Howell Jackson Gregory and The Gregory Company, Inc. are the Appellants.

Appellate Case No. 2013-002370

───────────────

Appeal From Lancaster County
William C. Tindal, Special Referee

───────────────

Unpublished Opinion No. 2015-UP-306
Submitted June 1, 2015 – Filed June 24, 2015

───────────────

**AFFIRMED**

───────────────

Howell Jackson Gregory, of Myrtle Beach, pro se.

James T. Irvin, Jr., of Irvin Law Firm, LLC, of Myrtle Beach, for Appellant The Gregory Company, Inc.

Palmer Freeman, Jr., of Whetstone Perkins & Fulda, LLC, of Columbia, for Respondent.

**PER CURIAM:**  Howell Jackson Gregory and The Gregory Company, Inc. (the Company) (collectively, Appellants) appeal the special referee's order finding (1) a notice of lis pendens was properly filed; (2) a conveyance of real property to the Company was void under section 27-23-10 of the South Carolina Code (2007); (3) Ned Gregory, Jr. held judgments of $37,490.44 plus interest and $3,060 plus interest against Howell Jackson Gregory; and (4) the real property should be sold at auction with the proceeds used to pay the judgments.[1]  Appellants argue the special referee erred in (1) ordering the sale of real property to satisfy the judgments, which Appellants claim are non-final judgments, (2) finding the notice of lis pendens was properly filed, and (3) finding the conveyance void under section 27-23-10.  We affirm.

1. Appellants have not preserved the issue of whether the special referee erred in ordering the sale of the property to satisfy judgments that Appellants argue are non-final.  *See B & A Dev., Inc. v. Georgetown Cnty.*, 372 S.C. 261, 271, 641 S.E.2d 888, 894 (2007) ("It is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review.").

2. The notice of lis pendens was properly filed.  *See* S.C. Code Ann. § 15-11-10 (2005) ("In an action affecting the title to real property the plaintiff (a) not more than twenty days before filing the complaint or at any time afterwards . . . may file with the clerk of each county in which the property is situated a notice of the pendency of the action, containing the names of the parties, the object of the action and the description of the property in that county affected thereby."); *Lebovitz v. Mudd*, 293 S.C. 49, 54, 358 S.E.2d 698, 701 (1987) (holding a notice of lis pendens was properly filed because "[a]n action to set aside a fraudulent conveyance is one 'affecting title to real property'").

3. The special referee did not err in finding the conveyance void under section 27-23-10.  *See* § 27-23-10 ("Every gift, grant, alienation, bargain, transfer, and

---

[1] Howell Jackson Gregory also filed a notice of appeal from an Horry County Master-in-Equity's order denying his motion to alter or amend a judgment under Rule 59(e), SCRCP; however, he did not raise any issues relating to that order in his statement of issues on appeal.

conveyance of lands . . . made to or for any intent or purpose to delay, hinder, or defraud creditors and others of their just and lawful actions, suits, debts, accounts, damages, penalties, and forfeitures must be deemed and taken . . . to be clearly and utterly void, frustrate and of no effect . . . ."); *Albertson v. Robinson*, 371 S.C. 311, 317, 638 S.E.2d 81, 84 (Ct. App. 2006) (stating a conveyance may be set aside under section 27-23-10 if the creditor establishes, "(1) the grantor was indebted to the creditor at the time of the transfer; (2) the conveyance was voluntary; and (3) the grantor failed to retain sufficient property to pay his indebtedness to the creditor in full, not merely at the time of transfer, but in the final analysis when the creditor seeks to collect the debt").

**AFFIRMED.**[2]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.