**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Dr. Marvin Anderson, Respondent,

v.

Mary Thomas; Forest Thomas; Prodigal Enterprises, LLC; Brushy Creek BarBQ, Inc.; and Bail Pros Bail Bonding, LLC, Defendants,

Of whom Mary Thomas is the Appellant.

Appellate Case No. 2018-000875

Appeal From Anderson County
J. Cordell Maddox, Jr., Circuit Court Judge

Unpublished Opinion No. 2021-UP-088
Submitted January 1, 2021 – Filed March 17, 2021

**AFFIRMED**

William Patrick Yon, of W. Patrick Yon, LLC, of Anderson, for Appellant.

Rodney F. Pillsbury, of Pillsbury Law Firm, LLC, of Greenville, for Respondent.

**PER CURIAM:** Mary Thomas (Mary) appeals a money judgment against her for $125,000. On appeal, Mary argues the trial court erred in applying the Statute of Elizabeth[1] and the doctrine of unjust enrichment to a property transfer from Prodigal Enterprises, LLC (Prodigal) to herself. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. First, we find clear and convincing evidence supports the trial court's finding that the property transfer was fraudulent under section 27-23-10(A) of the South Carolina Code (2007). *See Oskin v. Johnson*, 400 S.C. 390, 396, 735 S.E.2d 459, 463 (2012) ("A clear and convincing evidentiary standard governs fraudulent conveyance claims brought under the Statue of Elizabeth."); *id.* ("An action to set aside a conveyance under the Statute of Elizabeth is an equitable action, and a de novo standard of review applies."); § 27-23-10(A) ("Every . . . conveyance of lands . . . which may be had or made to or for any intent or purpose to delay, hinder, or defraud creditors and others of their just and lawful actions, suits, debts, accounts, damages, penalties, and forfeitures must be deemed and taken . . . to be clearly and utterly void . . . ."); *Coleman v. Daniel*, 261 S.C. 198, 209, 199 S.E.2d 74, 79 (1973) (explaining some of the "badges of fraud" a court should consider in determining whether a property transfer was fraudulent under section 27-23-10(A) include "[a] lack of consideration for the conveyance, [a] relationship between the transferor and the transferee, the pendency or threat of litigation, secrecy or concealment, [a] departure from the usual method of business, [and] the transfer of the debtor's entire estate"); *Lebovitz v. Mudd*, 293 S.C. 49, 52, 358 S.E.2d 698, 700 (1987) (holding section 27-23-10(A) "does not limit its application to judgment creditors" and "its protection extends to other types of parties defrauded in connection with the conveyance of property"). Evidence supporting the finding that the conveyance here was fraudulent includes the following: the conveyance was supported by only nominal consideration, Mary and Forest Thomas (Forest) were the only two remaining members of Prodigal, Mary and Forest were married at the time of the transfer, and the conveyance constituted a departure from the usual method of business because the property in question was worth more than $200,000. Additionally, we note Forest liquidated his sole remaining asset when he consented to the property transfer and dissolution of Prodigal. Dr. Anderson obtained a judgment against Forest's property; however, due to Forest's insolvency, Dr. Anderson's judgment against Forest's property was returned *nulla bona*. Accordingly, we find clear and convincing evidence supports the trial court's order on this issue.

---

[1] S.C. Code Ann. § 27-23-10(A) (2007).

2.  Second, we find the preponderance of the evidence supports the trial court's determination that Mary was unjustly enriched by the property transfer.  *See Horry Cty. v. Ray*, 382 S.C. 76, 80, 674 S.E.2d 519, 522 (Ct. App. 2009) ("The appellate court's standard of review in equitable matters is our own view of the preponderance of the evidence."); *Pinckney v. Warren*, 344 S.C. 382, 387, 544 S.E.2d 620, 623 (2001) ("However, this broad scope of review does not require an appellate court to disregard the findings below or ignore the fact that the trial [court] is in the better position to assess the credibility of the witnesses."); *id.* ("Moreover, the appellant is not relieved of his burden of convincing the appellate court the trial [court] committed error in his findings."); *QHG of Lake City, Inc. v. McCutcheon*, 360 S.C. 196, 202, 600 S.E.2d 105, 108 (Ct. App. 2004) ("The equitable doctrine of quantum meruit allows an aggrieved party to recover for unjust enrichment."); *Dema v. Tenet Physician Servs.-Hilton Head, Inc.*, 383 S.C. 115, 123, 678 S.E.2d 430, 434 (2009) ("A party may be unjustly enriched when it has and retains benefits or money which in justice and equity belong to another."); *id.* ("Unjust enrichment is an equitable doctrine which permits the recovery of that amount the defendant has been unjustly enriched at the expense of the plaintiff.").  Here, but for the fraudulent conveyance resulting in the immediate dissolution of Prodigal, Dr. Anderson would have been afforded the opportunity to charge Forest's distributional interest in Prodigal.  *See* S.C. Code Ann. § 33-44-504(a) (2006) ("On application by a judgment creditor of a member of a limited liability company or of a member's transferee, a court having jurisdiction may charge the distributional interest of the judgment debtor to satisfy the judgment.").  Instead, Forest liquidated his sole asset when he consented to the property transfer to Mary on behalf of Prodigal for nominal consideration.  Thus, we find the preponderance of the evidence supports the trial court's finding that Mary was unjustly enriched when she received the property for nominal consideration and used the property to secure bonds for her bail bonds business.  Accordingly, we affirm.

**AFFIRMED.**[2]

**HUFF, WILLIAMS, and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.