A. RICHARD MONTEITH d/b/a ARM Enterprises, Plaintiff v.
WILLIAM JOHN KOVAS, Defendant

No. COA02-1493

(Filed 3 February 2004)

**Judgments— default—untimely answer**

The trial court erred by striking defendant's motion for removal and defendant's answer as untimely and then entering a default judgment for plaintiff. A default judgment may not be entered after an answer has been filed, even if the answer is untimely.

Appeal filed by defendant from order entered 8 May 2002 by Judge Hal G. Harrison in Jackson County Superior Court. Heard in the Court of Appeals 27 August 2003.

*Coward Hicks & Siler, P.A., by William H. Coward for the plaintiff-appellee.*

*Philo & Spivey, P.A., by David C. Spivey for the defendant-appellant.*

ELMORE, Judge.

This case arose out of an oral contract for the installation of a septic system and plumbing work on a cottage. The work was done but never paid for. The company that performed the work sued defendant cottage-owner William John Kovas for payment. Default judgment was entered against the defendant in the sum of $8,809.66, with interest at the legal rate of 8%. Defendant appeals from the order of the trial court striking defendant's Motion for Removal and defendant's Answer.

After the complaint was filed, defendant obtained a thirty-day extension of time to answer. At the expiration of the thirty days, the parties stipulated to another extension of time to file an answer or other responsive pleading. On the date the extension was set to

MONTEITH v. KOVAS

[162 N.C. App. 545 (2004)]

expire, 8 November 2001, the defendant filed a motion to remove the case. On 18 March 2002, plaintiff filed a motion to strike the motion to remove and a motion for entry of default judgment. Plaintiff served notice of hearing for 6 May 2002 on 21 March 2002. On 6 May 2002, defendant filed an answer and the hearing was held. The trial court ordered that the motion to remove and the answer be stricken as untimely filed, and entered a default judgment for the plaintiff. Defendant appeals.

Defendant first assigns error to the trial court's granting of a default judgment in light of the fact that defendant had filed an answer prior to entry of default judgment. We agree.

This case directly parallels the case of *Moore v. Sullivan*, 123 N.C. App. 647, 473 S.E.2d 659 (1996), in which the defendants filed a late answer on the very morning of the hearing on the default judgment motion against them. The trial court in that case, as in this one, struck their answer and filed an entry of default against them, retaining jurisdiction to later determine damages. In the case at bar, the trial court entered a default judgment, a final order disposing of the case. Regardless of that distinction, the outcome is the same. "After an answer has been filed, even if the answer is untimely filed, a default may not be entered." *Id.* at 649, 473 S.E.2d at 660 (citations omitted). In accord with that decision, we reverse.

Because this issue is dispositive, we do not reach the defendant's other assignments of error.

Reversed and remanded.

Judges TIMMONS-GOODSON and HUNTER concur.