**THZ HOLDINGS, LLC v. MCCREA**

[231 N.C. App. 482 (2013)]

THZ HOLDINGS, LLC, Plaintiff
v.
BARIT LEA MCCREA, Defendant, and DANIEL MCCREA, CHRISTINA MCCREA, and
LILLIAN GRACE MCCREA, by and through their mother and legal guardian,
BARIT LEA MCCREA, Third-Party Plaintiffs
v.
RICHARD DEAN MCCREA, trustee for the RICHARD DEAN MCCREA 2008
CHILDREN'S TRUST, RICHARD DEAN MCCREA, individually, NATALIE MARIE
MCCREA, and THZ HOLDINGS, LLC, and RICHARD M. SAWDEY, Third-Party Defendants

No. COA13-425

Filed 17 December 2013

1. **Trusts—trustee—duty of loyalty—breach—transfer of trust property**

     The trial court correctly concluded that a trustee breached his duty of loyalty by transferring trust property to himself for his own personal account in contravention of N.C.G.S. § 36C-8-802(b) where the trustee transferred a house to himself in cancellation of a debt from the trust to him, transferred the house to a holding company, and started an ejectment action against his former wife and children so that the house could be sold.

2. **Trusts—transfer of property—voidable—breach of duty of loyalty**

     The trial court correctly concluded that a conveyance of real property by a trustee to himself was voidable because it breached the duty of loyalty to the beneficiaries and the judgment voiding the conveyance as a remedy was affirmed. The beneficiaries were affected in that they resided in the property and the party to whom it was conveyed sought their ejectment. Subsequent conveyances from the trustee were also voidable (and voided) because the trustee could not convey any better title than he received from the trust.

3. **Trusts—appointment of new trustee—statutory order of priority**

     The trial court erred by appointing a new trustee after removing the old without following statutory procedure and looking to the terms of the trust instrument.

Appeals by plaintiff and third-party defendants from judgment and order entered 10 September 2012 by Judge Edwin G. Wilson, Jr. in Mecklenburg County Superior Court. Heard in the Court of Appeals 26 September 2013.

**THZ HOLDINGS, LLC v. MCCREA**

[231 N.C. App. 482 (2013)]

*Erwin, Bishop, Capitano & Moss, PA, by A. Todd Capitano, for plaintiff and third-party defendants-appellants.*

*Millsaps & Bratton, PLLC, by Joe T. Millsaps, for defendant and third-party plaintiffs-appellees.*

HUNTER, Robert C., Judge.

Richard Dean McCrea ("Richard"), individually and as trustee for the Richard Dean McCrea 2008 Children's Trust ("the trust"), Natalie Marie McCrea ("Natalie"), and THZ Holdings, LLC ("THZ") (collectively "appellants") appeal from judgment and order entered 10 September 2012 by Judge Edwin G. Wilson, Jr. in Mecklenburg County Superior Court. Appellants put forth interrelated issues on appeal regarding the trustee position of the trust and title of the trust property. After careful review, we affirm the trial court as to the disposition of title and the removal of Richard as trustee, but we remand for reappointment of a trustee in accordance with the trust instrument.

## Background

Richard and Barit Lea McCrea ("Lea") are the parents of Daniel McCrea, Christina McCrea, and Lillian Grace McCrea ("the children"), the third-party plaintiffs in this action. Richard and Lea ended their marriage by separation agreement on 10 April 2008. As conditions of separation, Richard agreed to provide housing for Lea and the children, and Lea agreed to enter into a lease with Richard in exchange for the housing.

Richard created the trust in April 2008 and designated the children as its beneficiaries. The trustee was initially North Star Trust Company ("North Star"), a Chicago business; Richard Sawdey ("Sawdey"), an Illinois estate lawyer, served as trust protector. The trust instrument specified that the trust protector "may amend or terminate this agreement and direct distribution of the trust estate in such manner as such person deems advisable . . . ." The instrument also authorized the trustee to "borrow money for any purpose, on such terms and from such source" as the trustee deemed proper. As settlor, Richard agreed to "expressly waive all right, power and authority to alter, amend, modify, revoke or terminate" the trust, thus making it irrevocable.

In April 2008, Richard lent funds to the trust which he borrowed from LPS, LLC ("LPS") for the purchase of a home located at 16539 Rudyard Lane, Huntersville, NC 28078 ("the Huntersville property"). Richard also contributed $36,000 to the trust as a gift for the benefit of his children.

Richard intended the Huntersville property to satisfy his obligation to provide housing for Lea and the children. There was no mortgage or deed of trust placed on the property, and title to the property was not legally encumbered in any way. At the time of closing, there was no written loan agreement between Richard and the trust. Richard and North Star later entered into a "Credit Advance Agreement" which covered the terms of the loan and specified that Richard was to be repaid by the trust on or before 31 December 2018. Lea and the children moved into the Huntersville property shortly after it was purchased.

Due to the economic downturn of 2008, Richard lost his job and all sources of income. Thus, the trust received no money, and North Star subsequently resigned from its position as trustee due to nonpayment. In a letter sent 30 November 2009, Sawdey advised Richard that the purposes of the trust could not be achieved in its then-current state and that liquidation of the trust was advisable. On 9 December 2009, Sawdey appointed Richard as trustee. Richard then transferred title to the Huntersville property from the trust to himself individually in exchange for forgiveness of the purchase-money debt. Sawdey, in his capacity as trust protector, signed off on this arrangement.

The Huntersville property was subsequently conveyed by Richard to himself and his new wife, Natalie, for estate planning purposes. They conveyed title to THZ, which acquired the note on the debt between Richard and LPS, for the purposes of selling the property and satisfying the debt. Richard testified at trial that he and his attorney made many attempts to relocate Lea and the children before selling the Huntersville property but received no response.

After receiving no response from Lea on the matter, THZ filed an action for summary ejectment against her on 13 July 2010 so that it could sell the property. The children were added by and through Lea as guardian ad litem on 17 December 2010. They filed a third-party complaint against Richard, individually and in his capacity as trustee, Natalie, and THZ seeking to void all subsequent conveyances of the Huntersville property, return title to the trust, and remove Richard as trustee. On 10 September 2012, the trial court entered a judgment: (1) vesting title in the Huntersville property to the trust; (2) removing Richard as trustee retroactive to 8 December 2009; (3) voiding all transfers of the property from and after 31 December 2009; (4) directing the Mecklenburg County Register of Deeds to strike the deeds from the public record; and (5) ruling that Lea and the children should not be evicted or ejected from the property. It entered a separate order appointing a new trustee for the trust. Appellants filed timely notice of appeal.

## Discussion

### A. Breach of trust

[1] Appellants first argue that the trial court erred by concluding that Richard breached his duty of loyalty to the beneficiaries of the trust. We disagree.[1]

This Court reviews a trial court's conclusions of law *de novo. State v. Biber*, 365 N.C. 162, 168, 712 S.E.2d 874, 878 (2011). Here, the trial court concluded: "If [Richard] were properly appointed as trustee, which he is not, the transfer of title, first to himself, then to himself and his wife, and then to THZ Holdings, LLC, all without compensation to the [t]rust and its beneficiaries, would demonstrate a complete absence of loyalty to the minor beneficiaries of the [t]rust."

"A violation by a trustee of a duty the trustee owes under a trust is a breach of trust." N.C. Gen. Stat. § 36C-10-1001 (2011). The duty of loyalty that a trustee owes the beneficiaries of a trust is prescribed by statute as follows:

> (a) A trustee shall administer the trust solely in the interests of the beneficiaries.
>
> (b) Subject to the rights of persons dealing with or assisting the trustee as provided in G.S. 36C-10-1012, a sale, encumbrance, or other transaction involving the investment or management of trust property entered into by the trustee for the trustee's own personal account, or that is otherwise affected by a conflict between the trustee's fiduciary and personal interests, is voidable by a beneficiary affected by the transaction, without regard to whether the transaction is fair to the beneficiary, unless:
>
> > (1) The terms of the trust authorized the transaction;
> >
> > (2) The court approved the transaction;

---

1. Appellants also argue that the trial court erred by concluding that Richard was precluded from serving as trustee solely because of his status as the settlor of the trust. We agree that this was an error of law. The commentary to N.C. Gen. Stat. § 36C-1-103 (2011) states "[a]ny natural person, including a settlor or beneficiary, has capacity to act as trustee if the person has capacity to hold title to property free of trust." The Restatement of Trusts reaches the same conclusion. *See* Restatement (Second) of Trusts § 100 (1959) ("The settlor of a trust can be the trustee of the trust."). However, because this error does not affect our analysis of the dispositive issues on appeal, we need not disturb the court's judgment on this ground.

(3) The beneficiary did not commence a judicial proceeding within the time allowed by G.S. 36C-10-1005;

(4) The beneficiary consented to the trustee's conduct, ratified the transaction, or released the trustee in compliance with G.S. 36C-10-1009; or

(5) The transaction involves a contract entered into, or claim acquired by, the trustee before the person became or contemplated becoming trustee.

(c) In determining whether a sale, encumbrance, or other transaction involving the investment or management of trust property is affected by a conflict of interest between the trustee's fiduciary and personal interests, the transaction is rebuttably presumed to be affected by a conflict of interest if the trustee enters into the transaction with:

(1) The trustee's spouse or a parent of the trustee's spouse;

(2) The trustee's descendants, siblings, ancestors, or their spouses;

(3) An agent, attorney, employee, officer, director, member, manager, or partner of the trustee, or an entity that controls, is controlled by, or is under common control with the trustee; or

(4) Any other person or entity in which the trustee, or a person that owns a significant interest in the trust, has an interest or relationship that might affect the trustee's best judgment.

N.C. Gen. Stat. § 36C-8-802(a)-(c) (2011).

Here, the transaction was clearly one that was "entered into by the trustee for the trustee's own personal account," because Richard discharged the debt owed to him personally by the trust in exchange for the trust property. *See* N.C. Gen. Stat. § 36C-8-802(b). Therefore, the transaction was voidable by the beneficiaries affected under the plain language of the statute. Appellants argue that this sale falls under the exception in section 36C-8-802(b)(5) – involving "a contract entered into, or claim acquired by, the trustee before the person became or contemplated becoming trustee." However, the loan agreement is separate and distinct from the transfer of the Huntersville property. Because there was no deed of trust or mortgage included as part of the loan agreement, Richard's

only claim on the property stemmed from the transfer to himself individually after he became trustee. It was this contract for the property, not the loan agreement, which the beneficiaries sought to void. Nothing in the loan agreement required the balance be paid with the transfer of real property. That was a choice made by Richard in his capacity both as trustee and creditor of the trust. Because this contract was not entered into before Richard became trustee, and Richard thus had no claim on the property before he became trustee, the sale of the property does not fall under the exception contemplated by section 36C-8-802(b)(5).

In addition to the violation of section 36C-8-802, Richard's actions contravened a long-standing rule of our common law that trustees may not self-serve.

> The reasons for the loyalty rule are evident. A man cannot serve two masters. He cannot fairly act for his interest and the interest of others in the same transaction. Consciously or unconsciously, he will favor one side or the other, and where placed in this position of temptation, there is always the danger that he will yield to the call of self-interest.

*Wachovia Bank & Trust Co. v. Johnston*, 269 N.C. 701, 715, 153 S.E.2d 449, 459-60 (1967). Contrary to this tenet, appellants claim that Richard was compelled by law to carry out the transaction because trustees must act in accordance with the mandates of their trust protectors. We find this argument unpersuasive, because the record indicates that Richard was not forced into the transaction unwillingly. Sawdey only agreed to this course of action if Richard indemnified him against any harm that could potentially result from the transaction. Additionally, the letter from Sawdey to Richard which outlined this scheme concluded with the condition "[i]f you are in agreement with the foregoing . . . please so indicate by signing below and returning a copy of this letter to me. I will then initiate the action to implement the foregoing plan." Because Richard was not required by the trust protector to transfer the property, appellants' argument is overruled.

Accordingly, we affirm the trial court's conclusion that Richard breached the duty of loyalty because he transferred the trust property to himself for his own personal account in contravention of section 36C-8-802(b).

### B. Transfer to Richard

[2] Appellants next argue that the trial court erred by concluding that the transfer of the Huntersville property to Richard in his individual

capacity was voidable. We affirm the trial court's judgment voiding the conveyance.

The designation of a statement by the trial court as a "finding of fact" or "conclusion of law" is not determinative. *Brown v. Bd. of Educ.*, 269 N.C. 667, 670, 153 S.E.2d 335, 338 (1967). "Whether a statement is an ultimate fact or a conclusion of law depends upon whether it is reached by natural reasoning or by an application of fixed rules of law." *Woodard v. Mordecai*, 234 N.C. 463, 472, 67 S.E.2d 639, 645 (1951). Although listed as a finding of fact, the trial court's finding that this transaction was voidable is more properly characterized as a conclusion of law given that it was derived from application of rules of law. *See id.* As such, we review this conclusion *de novo. Biber*, 365 N.C. at 168, 712 S.E.2d at 878.

North Carolina law treats transfers resulting in a breach of the duty of loyalty as voidable by the beneficiaries affected, regardless of whether the transaction was supported by fair consideration.

> [A] sale, encumbrance, or other transaction involving the investment or management of trust property entered into by the trustee for the trustee's own personal account, or that is otherwise affected by a conflict between the trustee's fiduciary and personal interests, is voidable by a beneficiary affected by the transaction, without regard to whether the transaction is fair to the beneficiary[.]

N.C. Gen. Stat. § 36C-8-802(b) (2011); *see also Wachovia*, 269 N.C. at 714, 153 S.E.2d at 459 ("We have seen that a trustee cannot properly purchase trust property for himself individually, even though he acts in good faith and pays a fair consideration for it.") (citation omitted). Here, the beneficiaries of the trust were affected by the transaction because the Huntersville property, in which they resided, was conveyed to a party that sought their ejectment. Therefore, we affirm the trial court's conclusion that the transfer of title from the trust to Richard was voidable by the beneficiaries under section 36C-8-802(b).[2]

---

2. Because we conclude that the court properly voided the transfer from the trust to Richard as a result of Richard's breach of the duty of loyalty, we need not address whether the transaction was supported by adequate consideration. However, if we were to reach that issue, we would find that the forgiveness of the debt owed to Richard in addition to the $12,000.00 given to the trust for each beneficiary constituted adequate consideration, and the trial court erred by concluding otherwise. *See Smith-Douglas, Div. of Borden Chem., Borden, Inc. v. Kornegay*, 70 N.C. App. 264, 268, 318 S.E.2d 895, 895 (1984) (recognizing satisfaction of a valid debt as adequate consideration in a transfer of real property).

## C. Subsequent transfers

Appellants also argue that the trial court erred by concluding that the subsequent conveyances of the Huntersville property, first to Richard and his wife, then to THZ, were voidable. We disagree.

The trial court's rulings are again labeled as a findings of fact, but are more appropriately deemed conclusions of law that this Court reviews *de novo. See Woodard*, 234 N.C. at 472, 67 S.E.2d at 645.

The longstanding rule in North Carolina is that "[a] grantor cannot convey to his grantee an estate of greater dignity than the one he has." *Lovett v. Stone*, 239 N.C. 206, 214, 79 S.E.2d 479, 485 (1954); *see also Pennock v. Coe*, 64 U.S. 117, 128, 16 L. Ed. 436, 447 (1859) ("A person cannot grant a thing which he has not[.]"). Here, Richard could not have transferred to himself and his wife jointly any better title than he received from the trust. Because we affirm the trial court's conclusion that Richard's title was void based on his breach of the duty of loyalty, the title that he conveyed to himself and his wife, and later to THZ, must also be void. Thus, we affirm the trial court's judgment voiding all subsequent transfers of the Huntersville property and returning title to the trust. *See* N.C. Gen. Stat. § 36C-10-1001(b)(9) (2011) (allowing the trial court to void any act of a trustee who was in breach of trust and "trace trust property wrongfully disposed of and recover the property or its proceeds").[3] Accordingly, because the Huntersville property was properly returned to the trust, we find that the trial court did not err by declining to evict or eject the beneficiaries from the trust property. *See* N.C. Gen. Stat. § 36C-8-802 (2011) (noting that trusts are to be administered solely in the interests of the beneficiaries).

---

3. Because we conclude that the subsequent conveyances were properly voided, we need not address whether they were supported by adequate consideration. However, were we to address this issue, we would find that the court erred by concluding that the transactions failed for lack of adequate consideration. First, the transfer from Richard to himself and his wife did not require consideration. *See Warren v. Warren*, 175 N.C. App. 509, 513, 623 S.E.2d 800, 802 (2006) ("When previously separate real property becomes titled by the entireties, the law presumes the transfer to be a gift to the marital estate."); N.C. Gen. Stat. § 47-26 (2011) (noting that deeds of gift are valid so long as title is recorded within two years of transfer). Second, the transfer from Richard and Natalie to THZ was supported by forgiveness of the debt Richard owed to LPS, which THZ acquired. As we noted above, forgiveness of debt is recognized as valuable consideration in a land sale transaction. *See Kornegay*, 70 N.C. App. at 268, 318 S.E.2d at 895. Therefore, the court erred in its conclusion that the transactions failed for lack of adequate consideration.

## D.  Court appointment of trustee

**[3]** Appellants argue that the trial court erred by appointing a new trustee after removing Richard without following statutory procedure. We agree and remand.

"A vacancy in a trusteeship occurs if . . . [a] trustee is disqualified or removed." N.C. Gen. Stat. § 36C-7-704(a)(4) (2011).

> A vacancy in a trusteeship of a noncharitable trust that is required to be filled must be filled in the following order of priority:
>
> (1) By a person designated in the terms of the trust or appointed under the terms of the trust to act as successor trustee;
>
> (2) By a person appointed by unanimous agreement of the qualified beneficiaries; or
>
> (3) By a person appointed by the court.

N.C. Gen. Stat. § 36C-7-704(c) (2011).

We hold that Richard was properly removed as trustee by the trial court because he breached the duty of loyalty. *See* N.C. Gen. Stat. § 36C-10-1001(b)(7) (2011) (authorizing the trial court to remove a trustee who is in breach of trust). Thus, the provisions of section 36C-7-704(a)(4) were triggered. *See* N.C. Gen. Stat. § 36C-7-704(b) (2011) ("A vacancy in a trusteeship must be filled if the trust has no remaining trustee."). Paragraph 18 of the trust instrument specifically provides that successor trustees will be named or appointed by either the previous trustee, the trust protector, or the beneficiaries, in that order of priority. Because the trial court contravened section 36C-7-704(c) by appointing a trustee before looking to the applicable terms of the trust instrument, we reverse the trial court's order and remand for reappointment of a trustee pursuant to the provisions of the trust instrument.

## E.  Other findings and conclusions

Appellants further argue that the trial court made erroneous findings of fact and conclusions of law in its judgment unrelated to those discussed above. Because these arguments do not affect our analysis of the dispositive issues on appeal, we need not address them. *See Monteith v. Kovas*, 162 N.C. App. 545, 546, 594 S.E.2d 787, 788 (2004) (declining to address arguments unrelated to the dispositive issues on appeal).

## Conclusion

Because Richard breached the duty of loyalty owed to the beneficiaries of the trust by transferring the Huntersville property to himself individually, we affirm the actions that the trial court undertook in remedy of that breach, including removal of Richard as trustee, voiding all subsequent transfers of the property, returning title to the trust, and declining to remove or evict Lea and the children from the property. However, we also find that the trial court erred by appointing a new trustee in contravention of the statutory order of priority. We therefore affirm in part and remand for reappointment of a trustee in accordance with the trust instrument.

AFFIRMED in part, REVERSED in part, and REMANDED.

Judges BRYANT and STEELMAN concur.